**GROVES et al. v. PADEN CITY GLASS MFG. CO.** ·

Civil Action No. 11–P.

District Court, N. D. West Virginia.

March 26, 1942.

William Bruce Hoff, of · Parkersburg, W. Va., for plaintiffs.

Robert B. McDougle, of Parkersburg, W. Va., for defendant.

HARRY E. WATKINS, District Judge.

Plaintiff sues in his own behalf, and as agent for 197 other employes of Paden City Glass Manufacturing Company, to recover from their employer unpaid minimum wages and unpaid overtime compensation under the provisions of Section 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 216(b). Defendant has made a motion under Rule 12(f) of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, to strike certain allegations from the complaint as redundant, immaterial and impertinent. These allegations in the complaint consist of statements concerning the exact duties of the various employes and the relation of their duties to each other.

The complaint lists the employes as gatherers, pressers, blowers, lever boys, etc., and then proceeds to briefly describe the particular work of each group of employes in the manufacturing of the glass product. It is said that pleading such matter amounts to pleading evidence and should, therefore, be stricken. It is true that such allegations plead evidential facts, but such pleadings should not always be stricken. Where evidential facts, when read with the bill as a whole, give a better understanding thereof, they should not be stricken. This principle is particularly applicable in a case of this nature involving many complex issues. In such cases greater latitude in pleading should be allowed. Moore's Federal Practice, Vol. 1, page 660. Allegations of evidential facts in such cases, although unnecessary under the rule of brevity, are not stricken out if not prejudicial. Samuel Goldwyn, Inc., v. United Artists Corp., D.C.S.D.N.Y., 35 F. Supp. 633; French v. French Paper Co. D.C.W.D. Mich., 1 F.R.D. 531; Haddock v. Springfield Yellow Cab Co., D.C.S.D. Ohio, 1 F.R.D. 504. Where no harm can come to the defendant, ordinarily the court is very cautious about disturbing the pleading unless the court can clearly see that the allegations have no possible bearing upon the subject matter of the litigation. Kraus v. General Motors Corp., D.C.S.D.N.Y. 1939, 27 F.Supp. 537.

The motion to strike is overruled.