RANDOLPH LABORATORIES, Inc., v. SPE-
CIALTIES DEVELOPMENT CORPO-
RATION et al.

Civ. A. No. 5316.

District Court, D. New Jersey.

Oct. 31, 1945.

Pitney, Hardin & Ward and William H. Osborne, Jr., all of Newark, N. J., and Ralph M. Snyder, of Chicago, Ill., for plaintiff.

Kessler & Kessler, of Newark, N. J. (Darby & Darby and Samuel E. Darby, Jr., of counsel), all of New York City, for defendants.

MEANEY, District Judge.

The defendants have moved to dismiss this action as to defendant Walter Kidde & Company, Incorporated, under the provisions of Federal Rules of Civil Procedure, Rules 12(b) (3) and 12(b) (6), 28 U.S.C.A. following section 723c. They also seek an order striking the allegations in paragraph V of the complaint under Rule 12(f).

The action was instituted by plaintiff, Randolph Laboratories, Incorporated, a corporation of the State of Illinois, against defendants Specialties Development Corporation, a corporation of the State of New Jersey, and Walter Kidde & Company, Incorporated, a corporation existing under the laws of the State of New York. The plaintiff seeks a declaratory judgment of invalidity and noninfringement by plaintiff of Minor Patent No. 1,760,274 and prays for injunctive relief. In addition, the complaint asserts charges of unfair competition against both defendants.

Defendant alleges first, that this court has no jurisdiction as to defendant Walter Kidde & Company, Incorporated, under the provisions of Judicial Code, Section 51, 28 U.S.C.A. § 112. This action is brought under Section 274d of the Judicial Code, 28 U.S.C.A. § 400, which gives to the courts of the United States, in case of actual controversy, the power to declare rights and other legal relations of interested parties. The section is silent as to the question of venue of cases brought under the Act. It follows that section 51 of the Judicial Code, 28 U.S.C.A. § 112, applies, Webster Co. v. Society for Visual Education, Inc., 7 Cir., 83 F.2d 47; Hall v. United States, D. C., 10 F.Supp. 739. Judicial Code, section 51, 28 U.S.C.A. § 112, provides in part as follows: " *. * * No civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

Since this case arises under the patent laws, it is within the jurisdictional limits of the District Court generally. Defendant Walter Kidde & Company, Incorporated, maintains a factory and offices in the State of New Jersey, and is licensed to do busines in this State, having a principal office and a designated registered agent in compliance with the laws of the State of New Jersey.

The defendant on this motion, however, denies the right of the District Court of this district to entertain this case as to defendant Walter Kidde & Company, Incorporated, on the grounds that said defendant is not an inhabitant of this district within the contemplation of this statute. Plaintiff, conversely, asserts that jurisdiction is properly invoked on the ground that since defendant Walter Kidde & Company, Incorporated, is authorized to do business in New Jersey by compliance with New Jersey Revised Statutes 14:15–3, N.J.S.A. 14:15–3, under which statute defendant has designated an agent upon whom service of process may be made, such compliance constitutes a "waiver" by defendant of this section as above set forth.

The pertinent portions of the New Jersey Statutes, N.J.S.A. 14:4–2 and N.J.S.A. 14:-15–3 provide that: "Every corporation of this state, and every foreign corporation authorized to transact business in this state, shall maintain a principal office in this state and an agent in charge thereof upon whom process against the corporation may be served" and that "Every foreign corporation, except banking, insurance, ferry and railroad corporations, before

transacting any business in this state, shall file in the office of the secretary of state * * * a statement * * * setting forth (among other things) * * *

"c. The principal office of the corporation in this state and the name and place of abode of an agent upon whom process against such corporation may be served * * *."

This precise question was determined by this court in Da Cunha v. Grasselli Chemical Co., 46 F.Supp. 28, 29, where it was then stated:

"While not so broad as the statutes in some other states, the New Jersey statute makes it clearly evident that, preliminary to authorization to transact business in New Jersey, is the appointment of an agent in charge of the principal office of the corporation in the State, upon whom process against the corporation may be served. There is no qualification upon this obligation.

"The United States Supreme Court in the case of Neirbo v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437, decided that designation of an agent in a state for service of process constituted consent to be sued in the federal courts of that state, and is tantamount to a waiver of the privilege accorded by Section 51 above referred to. Previous to that decision, various districts decided the question variously. The Neirbo case is dispositive."

▇ Under the facts existent in the present case, defendant Walter Kidde & Company, Incorporated, must be held to have consented to be sued in the courts of New Jersey, federal as well as state. Service of process upon said defendant under such circumstances satisfies the requirements of section 51 of the Judicial Code, 28 U.S.C.A. § 112, and this Court possesses the challenged jurisdiction.

▇ Defendant next urges upon the Court the contention that this suit must be dismissed as to defendant Walter Kidde & Company, Incorporated, under the provisions of Civil Procedure Rule 12(b) (6), on the ground that the complaint on its face fails to state a claim against said defendant upon which relief can be granted.

Paragraph III of the complaint alleges that letters patent No. 1,760,274 for Fire Extinguisher were issued on application of Henry R. Minor, assignor to Walter Kidde & Company, "and transferred to Specialties Development Corporation, defendants herein, and as plaintiff is informed and believes, are now owned by the said defendants either jointly or separately."

Paragraph IV of the complaint asserts that defendant Specialties Development Corporation is wholly owned by defendant Walter Kidde & Company, Incorporated, and all of the officers and directors of said Specialties Development Corporation are employees or directors of Walter Kidde & Company, Incorporated. The same paragraph further asserts that the office of Specialties Development is located in a branch plant of the Walter Kidde Company, that the assets and liabilities of Specialties Development Corporation are publicly consolidated in the statements of Walter Kidde & Company, Incorporated. And further, paragraph IV alleges "The Minor patent No. 1,760,274 was issued to Walter Kidde & Company, Incorporated, and was subsequently transferred to defendant, Specialties Development Corporation, with a license issued to defendant, Walter Kidde & Co., Inc."

In view of the fact that plaintiff has alleged that title to the Minor patent was "transferred to Specialties Development Corporation", defendant contends that the complaint fails to state any claim under the Declaratory Judgment Act against Walter Kidde & Company, Incorporated, upon which relief can be granted.

▇ It is fundamental that, in order for plaintiff to maintain an action under the Declaratory Judgment Act, 28 U.S.C.A. § 400, he must show or allege an interest in defendant in the patent on which plaintiff now seeks a declaratory judgment of invalidity and noninfringement.

In the complaint as set forth above, the plaintiff alleges a transfer of the patent here in question from Walter Kidde & Company, Incorporated, to Specialties Development Corporation and makes the further assertion that "plaintiff is informed and believes (that the letters patent) are now owned by the said defendants either jointly or separately." In the paragraph following, plaintiff asserts that the Minor patent was issued to Walter Kidde & Company, Incorporated, and was subsequently transferred to defendant Specialties Development Corporation, with a license issued to defendant Walter Kidde & Company, Incorporated.

In the pleadings it is alleged that defendant Walter Kidde & Company, Incorporated has some interest in the Minor patent, although whether as co-owner or licensee only, the court at this posture of the case is not able to determine. It is possible that the evidence adduced at the trial will support a finding that both defendants have an interest in the Minor patent.

Plaintiff's complaint alleges that Specialties Development Corporation is wholly owned by Walter Kidde & Company, Incorporated. It is evident that the business relationship is very close between the two defendant companies. There is, however, insufficient evidence presently before the court to justify a disregard of the legal theory of separate corporate entities. Most of the facts alleged in the complaint are found existing in any case where there is a parent-subsidiary relationship, and these facts in themselves do not justify the court's disregard of the legal corporate relations existing as to each of the defendants.

The defendant's motion to dismiss as against Walter Kidde & Company, Incorporated, may be pressed at a later stage should it become evident that defendant Walter Kidde & Company, Incorporated, in fact has no interest in the Minor patent upon which relief can be granted under the provisions of the Declaratory Judgment Act.

Defendant's motion asks also for an order striking out the allegations contained in paragraph V of the complaint under rule 12(f).

The allegations of paragraph V are concerned entirely with plaintiff's quest for damages for, and injunctive relief against, defendant's alleged unfair competition.

In paragraph V, plaintiff alleges that Walter Kidde & Company, Incorporated, is the one hundred percent owner of defendant Specialties Development Corporation, and has harassed competitors including the plaintiff by certain statements of control of the trade and has threatened such other manufacturers, including plaintiff, with lawsuits. Thereafter, plaintiff has specifically set forth a number of infringement suits brought by Walter Kidde & Company, Incorporated, prior to the alleged transfer of the patent, all of which suits were dismissed and none of which involved the plaintiff herein. In addition, paragraph V alleges facts relating to several "cease and desist" orders issued by the Federal Trade Commission against Walter Kidde & Company, Incorporated, with respect to certain alleged unfair trade practices which had been engaged in by that company and which affected the trade in the specific product generally. These allegations are asserted by defendants to be immaterial, impertinent and evidentiary in nature.

Where no harm will come to the defendant, the courts generally are very cautious about disturbing the pleading unless it can clearly be seen that the allegations can have no possible bearing upon the subject matter of the litigation. Groves et al. v. Paden City Glass Mfg. Co., D. C., 2 F.R.D. 300; Sinaiko Bros. Coal & Oil Co. et al. v. Ethyl Gasoline Corporation, D. C., 2 F.R.D. 305. Allegations of evidential facts in cases involving complex issues, although unnecessary under the rule of brevity, are not stricken out if not prejudicial. Samuel Goldwyn, Inc., v. United Artists Corp., D. C., 35 F.Supp. 633. Thus, where it appears to the Court that defendants will not be unduly prejudiced by the inclusion of certain of the objected-to allegations, the motion to strike will be denied. It is into this latter category that I find the allegations of paragraph V fall. Certain of the allegations are necessary to plaintiff's claim. Such as are evidential, while unnecessary, are not deemed to be prejudicial.

The motion to dismiss the action against defendant Walter Kidde & Company, Incorporated, is denied, as is also the motion to strike paragraph V of the complaint.