"Cleary No. 77" both testified that the tanker was not moving. This conclusion is amply corroborated by the fact that the tug got safely by with 300 feet of hawser before the collision took place.

It is evident that the tug "Wyomissing" was entirely and solely at fault. I absolve the helping tug "Magnetic" from any responsibility. There is not the slightest scintilla of negligence on its part.

Submit findings of fact and conclusions of law in accordance with this decision.

of New Jersey. The injuries were sustained and the cause of action arose in Hoboken, New Jersey. It however appears by affidavit that defendant has obtained a certificate authorizing it to do business in this State and has designated an agent, upon whom process against it may be served, in this district. No facts as to inconvenience or otherwise have been presented which would justify the court to decline jurisdiction. See Neirbo Co. v. Bethlehem Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437; Da Cunha v. Grasselli Chemical Co., D.C., 46 F.Supp. 28. The court still believes that the denial of the motion upon the argument was proper.

## DODENHOFF v. UNITED FRUIT CO.

District Court, S. D. New York.
July 14, 1947.

## RODINCIUC v. UNITED STATES.
### No. 1 of 1945.

District Court, E. D. Pennsylvania.
June 10, 1947.

Nathan Baker, of Hoboken, N. J., for plaintiff.

Burlingham, Veeder, Clark & Hupper, of New York City, for defendant.

BONDY, District Judge.

The plaintiff is an alien, residing in Hoboken, New Jersey. The defendant is incorporated under the laws of the State