T.C. Memo. 1999-115

UNITED STATES TAX COURT

ESTATE OF CHARLES B. GRANT, JR., DECEASED,
CHARLES B. GRANT, III, EXECUTOR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13427-98.                    Filed April 6, 1999.

<u>Jo Karen Parr</u>, for petitioner.

<u>Linda K. West</u>, for respondent.

MEMORANDUM OPINION

GERBER, <u>Judge</u>:  We consider here petitioner's motion to
amend the petition.  Respondent has objected on the ground that
the subject matter of the proposed amendment is not relevant.  We
therefore consider whether the relevance of the matter pleaded is
prerequisite to our granting leave to amend a pleading.

Unless otherwise stated, all Rule references are to the Court's Rules of Practice and Procedure.

In response to a notice of deficiency dated May 1, 1998, the petition contained allegations of error concerning respondent's valuation of stock and concerning respondent's determinations that the decedent made gifts to the shareholders of a corporation and that life insurance proceeds are includable in his gross estate.

Petitioner now seeks leave to amend the petition to include facts learned from Freedom of Information Act requests approximately 5 months after the original petition was filed. The facts alleged in the proposed amendment were derived from the examining agent's report on the valuation of the stock at issue in the deficiency notice. Respondent objects to petitioner's proposed amendment on the ground that such matters are irrelevant.

Rule 41(a) provides: "A party may amend a pleading once as a matter of course at any time before a responsive pleading is served. * * * Otherwise a party may amend a pleading only by leave of Court or by written consent of the adverse party". Rule 41(a) further provides that leave to amend "shall be given freely when justice so requires." This Court has looked to cases decided under rule 15(a) of the Federal Rules of Civil Procedure for guidance on the interpretation of Rule 41(a). See Kramer v.

<u>Commissioner</u>, 89 T.C. 1081, 1084-1085 (1987). Like Rule 41(a), rule 15(a) of the Federal Rules of Civil Procedure mandates that leave to amend "shall be freely given when justice so requires."

In this case, the motion for leave was not filed before the responsive pleading, and respondent has not consented to the motion. The Court may use its discretion to grant petitioners leave to amend. See Kramer v. Commissioner, supra at 1085. In exercising that discretion, the courts consider various factors, including the timeliness of the motion, the reasons for the delay, and whether granting the motion would result in issues being presented in a seriatim fashion. See Daves v. Payless Cashways, Inc., 661 F.2d 1022, 1024 (5th Cir. 1981). Leave to amend may be inappropriate where there is undue delay, bad faith, prejudice resulting from the amendment, or a dilatory motive of the movant. See Foman v. Davis, 371 U.S. 178, 182 (1962); Russo v. Commissioner, 98 T.C. 28, 31 (1992).

The liberal attitude towards amendment is reflective of the liberal policy generally applied to pleadings. "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." Conley v. Gibson, 355 U.S. 41, 48 (1957). Rather, pleadings should be construed to do "substantial justice." Id. Even where, as here, the

complaint may contain unnecessary detail and evidentiary matter, the most important requirement of the pleadings is that the opposing party be made aware of the claims he will be called upon to meet. See Kamen Soap Prods. Co. v. Struthers Wells Corp., 159 F. Supp. 706, 713 (S.D.N.Y. 1958). Though certain evidentiary facts may be unnecessary to a complaint, they may remain in the complaint unless they are prejudicial. Groves v. Paden City Glass Manufacturing Co., 2 F.R.D. 300, 301 (1942). The liberal policy of pleadings allows parties to introduce issues that may be more fully developed in the pretrial process.

Respondent has not accused petitioner of any inappropriate practice, such as delay, bad faith, or dilatory motive, in moving to amend. Nor has respondent shown that the proposed amendment would prejudice respondent in any respect. To the contrary, respondent contends that the amendment would have no effect on the outcome of this action. We see no reason to deny petitioner leave to amend its petition.

Because of the reference to "irrelevancy," it is unclear if respondent meant to make a motion under Rule 52 to strike a portion of the pleadings as amended. Rule 52 permits a party, within certain time limits, to move to strike "any insufficient claim or defense or any redundant, immaterial, impertinent, frivolous, or scandalous matter." Rule 52 was derived from rule 12(f) of the Federal Rules of Civil Procedure, and the Federal

Rules of Civil Procedure will be considered in applying Rule 52. Estate of Jephson v. Commissioner, 81 T.C. 999, 1000-1001 (1983); see also Note to Tax Court Rule 52, 60 T.C. 1093.

In Estate of Jephson v. Commissioner, supra at 1001, we set forth various principles, along with citations (omitted here), to be followed in connection with motions to strike, as follows:

> Motions to strike under FRCP 12(f) have not been favored by the Federal courts. "Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation." "A motion to strike should be granted only when the allegations have no possible relation to the controversy. When the court is in doubt whether under any contingency the matter may raise an issue, the motion should be denied." If the matter that is the subject of the motion involves disputed and substantial questions of law, the motion should be denied and the allegations should be determined on the merits. In addition, a motion to strike will usually not be granted unless there is a showing of prejudice to the moving party. [Citations omitted.]

As discussed above, respondent does not allege that any prejudice will occur if petitioner is allowed to amend the petition to include the new factual allegations. There appear to be no new issues raised by or with these factual allegations, and respondent appears not to question the truth of the allegations. Respondent questions only the legal weight or relevancy that should be given to those alleged facts. Respondent's objection to allegations concerning the examination agent's conclusions about the stock valuation is premature. We cannot decide at this juncture that petitioner's allegations can have no possible

bearing upon the subject matter of the litigation.  To pursue further evidence about the relevancy of the disputed facts at this time would be contrary to interests of judicial economy.

For the above reasons, petitioner's motion to amend the petition will be granted.

An appropriate order will be issued.