Michael A. LACHER, and Judith W. Lacher, Petitioners–Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.

No. 01–4030.

United States Court of Appeals, Second Circuit.

March 29, 2002.

Stuart A. Smith, New York, NY, for Appellants.

Paula K. Speck, Tax Attorney, Department of Justice, Washington, DC; Eileen J. O'Connor, Assistant Attorney General, and Teresa E. McLaughlin, Tax Division, Department of Justice, on the brief, for Appellee.

Present: FEINBERG, STRAUB and KATZMANN, Circuit Judges.

*SUMMARY ORDER*

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the Tax Court is hereby AFFIRMED.

Michael A. Lacher and Judith W. Lacher ("Lacher") * appeal from the denial of their motion to file a second amended petition and entry of final judgment against them upholding certain deficiencies and penalties in the United States Tax Court (Howard A. Dawson, Jr., *Judge* ).

In 1981, Lacher purchased a limited partnership interest in a plastics recycling venture known as SAB Resource Recovery Associates ("RRA"), part of a complex transaction involving the lease and sale of plastics recyclers. The Internal Revenue Service ("I.R.S.") subsequently determined that partners in numerous similarly designed plastics recycling partnerships had overvalued the recyclers on their tax returns and were subject to notices of deficiency and several penalties. In February 1988, the I.R.S. approved a Settlement Initiative Package that authorized agents nationwide to extend a uniform offer of settlement to taxpayers in plastics recycling cases. As part of this settlement package, the I.R.S. conceded the negligence penalty. The offer expired in February 1989, after the conclusion of the trial in the plastics recycling test case, *Provizer v. Commissioner,* 63 T.C.M. (CCH) 2531 (T.C.1992), *aff'd,* 996 F.2d 1216 (6th Cir. 1993), *cert. denied,* 510 U.S. 1163, 114 S.Ct. 1187, 127 L.Ed.2d 538 (1994).

In November 1988, the I.R.S. issued notices of deficiency in income tax to Lacher for tax years 1978, 1979, and 1981. Relevant to the 1981 return were various defi-

---

* Because Judith Lacher's involvement in the case is restricted to her status as joint-filer of the relevant tax returns, we will hereinafter treat Michael Lacher as the relevant petitioner.

ciencies relating to Lacher's investment in the RRA tax shelter. On January 23, 1989, Lacher filed a petition in the United States Tax Court challenging the notices of deficiency. Until January 1994, Lacher, who is himself an attorney, appeared *pro se*. In March 1994, the Tax Court held a partial trial on Lacher's challenges, although the conclusion of the trial was postponed because Lacher was abroad and unable to give testimony. At that time, Lacher filed a motion to amend his petition in order to assert a statute of limitations defense. That motion was granted.

In August 1997, Lacher's present counsel filed a notice of appearance and replaced his previous counsel. In October 1999, the Tax Court set a trial date of March 6, 2000 for completion of the trial. On February 24, 2000, Lacher sought leave to amend his petition a second time in order to assert a claim that he should be relieved of the negligence penalty assessed against his 1981 return because he had never received the national settlement offer approved for partners in plastics recycling tax shelters. Lacher claimed that by failing to extend the offer the I.R.S. had breached its duty of taxpayer equality. The Tax Court scheduled an evidentiary hearing in order to allow Lacher to establish the factual basis of his claim.

Lacher testified at the hearing that he had no recollection of receiving the settlement offer, and that he did not become aware of its existence until mid 1999. He also testified that he would have accepted the offer had it been extended to him.

The Tax Court subsequently denied Lacher's motion to amend his petition. The court found that Lacher had engaged in undue delay in bringing his motion and that the I.R.S. would be unduly prejudiced by the untimely amendment. The court also ruled that amendment of the petition would be futile because Lacher failed to allege that he had been intentionally singled out for disparate treatment by the I.R.S., and the court discredited Lacher's testimony that he never received the settlement offer and that he would have accepted it had it been offered.

Rule 41(a) of the Rules of Practice and Procedure of the United States Tax Court provides that "[a] party may amend a pleading once as a matter of course at any time before a responsive pleading is served.... Otherwise a party may amend a pleading only by leave of Court ... and leave shall be given freely when justice so requires." Rule 41(a) is interpreted in tandem with Rule 15(a) of the Federal Rules of Civil Procedure, from which it is derived. *See, e.g., Vajna v. Commissioner*, 81 T.C.M. (CCH) 1607 (T.C.2001); *Grant v. Commissioner*, 77 T.C.M. (CCH) 1762 (T.C.1999). Interpreting Rule 15(a), the Supreme Court held in *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), that leave to amend should be freely given absent mitigating factors such as futility, undue delay, or undue prejudice to the opposing party.

A lower court's denial of leave to amend a pleading is reviewed for abuse of discretion. *See United States v. Continental Illinois Nat'l Bank & Trust Co.*, 889 F.2d 1248, 1254 (2d Cir.1989). In applying this standard, we have indicated that the exercise of discretion should comport with the "liberalizing spirit of the Federal Rules," *id.* at 1254 (internal quotation marks omitted), and that an "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." *Day v. Morgenthau*, 909 F.2d 75, 78 (2d Cir.1990) (internal quotation marks omitted). We find that the Tax Court articulated valid reasons for denying Lacher's motion to amend based on the undue delay in bringing the motion and the undue prejudice that the I.R.S. will

suffer from the untimely amendment. Therefore, we do not reach the remaining grounds for the Tax Court's denial of leave to amend.

As the Tax Court found, the delay here is considerable. Lacher filed his motion to amend his petition eleven years after filing his original petition challenging the I.R.S.'s notices of deficiency. Although Lacher appeared *pro se* for the first five years of his suit, he obtained counsel in 1994 and has been represented by current counsel since 1997. Particularly troubling is the fact that Lacher's present attorney tried several plastics recycling cases in the mid 1990s and was well aware that a national settlement offer existed in the late 1980s. Although counsel claims that he did not realize his client had not received the offer until he queried him in late 1999, the court properly took these facts into account in assessing Lacher's delay.

The Tax Court also found that Lacher's delay unfairly prejudices the I.R.S.'s ability to defend against the new claim. Undue prejudice to the opposing party is typically the most important consideration in evaluating a motion to amend a pleading. *See, e.g., Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir.1993); *Ansam Assocs. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir.1985). Relevant factors include whether a party's opponent would be required to expend significant additional resources to conduct discovery and prepare for trial and whether the amendment will significantly delay resolution of the dispute. *See Block*, 988 F.2d at 350. Courts also consider whether the opponent was otherwise on notice of the new claim, and whether the claim derives from the same facts set forth in the original pleading. *See, e.g., Hanlin v. Mitchelson*, 794 F.2d 834, 841 (2d Cir.1986); *Tokio Marine & Fire Ins. Co. v. Employers Ins.*, 786 F.2d 101, 103 (2d Cir.1986).

The Tax Court found that Lacher is "now attempting to raise a new argument 12 years after the standard settlement offer was made available, 11 years after [he] filed [his] original petition and 6 years after this case was partially tried." Accordingly, the court found that the prejudice to the I.R.S. is "obvious." There can be no dispute that the passage of time compromises the I.R.S.'s ability to investigate and defend against Lacher's claim. For example, the likely difficulty of gathering testimony from those responsible for extending the settlement in 1989 handicaps the I.R.S.'s ability to refute any claim of improper or irrational motive. Moreover, a claim that Lacher failed to receive a settlement offer was not foreshadowed in any way by his original or first amended petitions, as it bears no relation to the assessment of tax deficiencies and penalties that was heretofore the subject of the litigation. *See Ansam Assocs., Ltd.*, 760 F.2d at 446. Finally, trial on Lacher's substantive challenges to his deficiency statements was substantially completed in 1996. Given the circumstances of Lacher's delay and the resulting prejudice to the I.R.S., we conclude that the Tax Court properly exercised its discretion in denying Lacher's motion to file a second amended petition.

The judgment of the Tax Court is hereby AFFIRMED.