LEO MANZOLI AND MARY ANN MANZOLI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Manzoli v. Commissioner
Docket No. 47848-86.
United States Tax Court
T.C. Memo 1989-94; 1989 Tax Ct. Memo LEXIS 94; 56 T.C.M. (CCH) 1406; T.C.M. (RIA) 89094; March 13, 1989. *94 John M. Doukas, for the petitioners. Charles W. Maurer, Jr., for the respondent. COHEN
SUPPLEMENTAL MEMORANDUM OPINION COHEN, Judge: On July 18, 1988, the Court filed its Memorandum Findings of Fact and Opinion, T.C. Memo. 1988-299, in which we sustained, with some adjustments, deficiencies determined by respondent with respect to petitioners' Federal income taxes for 1977 and 1978, and we sustained an addition to tax for fraud against petitioner Leo Manzoli for 1978 on the ground of collateral estoppel. As to Mr. Manzoli for 1977 and Mrs. Manzoli for 1977 and 1978, we stated: After careful consideration of all of the evidence, we conclude that respondent has failed to meet his burden of proving by clear and convincing evidence that petitioners fraudulently underpaid their taxes for either year. Although we sustained to a large extent respondent's determination of petitioners' underreported income, we did so because his determination was not shown to be erroneous. The evidence is not clear and convincing, however, of fraudulent intent. [55 T.C.M. 1259 at 1267, 57 P-H Memo T.C. par. 88,299 at 18-1527.] The opinion *95 directed that a decision be entered under Rule 155. No computations under Rule 155 were received prior to December 8, 1988. Over a year after trial, on November 23, 1988, petitioners filed a Motion for Leave to Amend Petition and Proposed Amendment, attempting to raise, for the first time, the defense of the statute of limitations for 1977 and 1978. The motion was initially denied as untimely, but reconsideration has been granted after a hearing requested by petitioners. Petitioners explain that from the time of our opinion to the time of filing of their motion they were attempting to secure respondent's consent to the amendment. The statutory notice in issue was sent September 25, 1986. The petition was filed December 22, 1986, and assigned various errors to respondent's determination. The petition did not, however, claim that assessment of the deficiencies was barred by the statute of limitations. Respondent's answer was filed February 24, 1987. Petitioners' reply was filed April 7, 1987. By notice served May 13, 1987, the case was set for trial at the Trial Session in Boston, Massachusetts, beginning on October 19, 1987. The case proceeded to trial on October 22, 1987, at *96 which time the trial memoranda of the parties were filed. Neither the trial memoranda nor any statement by the parties during trial made reference to the statute of limitations, although petitioners' counsel asserted various arguments throughout the record of the trial. Opening briefs were due February 25, 1988, and reply briefs were due April 11, 1988. None of the briefs referred to the statute of limitations. In the petition, in their trial memorandum, at trial, and in their briefs, petitioners conceded that the addition to tax for fraud for 1978 should be sustained against petitioner Leo Manzoli by reason of his plea of guilty to charges of income tax evasion for that year. The statute of limitations is clearly a new issue in this case, not properly pleaded and implicitly excluded as an issue by petitioners' statements of issues in their trial memorandum, at trial, and in their post-trial briefs. Our opinion did not mention the statute of limitations because the Court had a right to assume that either written extensions had been executed or that the claim had been waived by petitioners' failure to raise it. See Given v. Commissioner,238 F.2d 579, 583 (8th Cir. 1956), *97 affg. a Memorandum Opinion of this Court. At the close of trial of this case, on October 27, 1987, the Court summarized the evidence and indicated tentative conclusions consistent with those ultimately set forth in our prior opinion. We specifically suggested "the bottom line * * * except for 1978 with respect to Mr. Manzoli, there will be no additions to tax [for] fraud." Once it become apparent that respondent's briefs would not change our view of the evidence of fraud, the bar of limitations, if pleaded, would have disposed of the necessity of reviewing items affecting the deficiency for 1977 -- such as minor amounts paid for automobile insurance, electrical work, and tile installation. After our comments at the close of trial about the evidence, we urged the parties to attempt to compromise the case to avoid the necessity of briefs. If the statute of limitations had been an issue, it should have increased the desirability of settlement on respondent's part. If the motion is granted, the Court's resources have been wasted. Respondent claims prejudice from the belatedly tendered issue to the extent that it might well have affected his trial preparation and decisions about *98 what evidence was necessary at trial. If the statute of limitations had been pled properly, respondent would have been on notice of the continuing necessity of establishing fraud of at least one of the petitioners for 1978, notwithstanding the applicability of collateral estoppel against Mr. Manzoli. Rodney v. Commissioner,53 T.C. 287, 310-311 (1969). See Hicks Co. v. Commissioner,56 T.C. 982, 1030 (1971), affd. 470 F.2d 87 (1st Cir. 1972). Respondent could have argued that Mr. Manzoli's guilty plea was an admission of fraud, independent of collateral estoppel. The Court then would have considered Mr. Manzoli's attempt at trial to explain why he entered that plea. His explanations were disregarded in our opinion because they were irrelevant under the doctrine of collateral estoppel. At this time, if an amendment is allowed, respondent should be permitted to bring in additional evidence to establish fraud and the Court would be required to conduct a further trial and reconsider the totality of the evidence then in the record. We do not believe, however, that further proceedings would change the result in this case for 1978. The *99 amount involved for 1977 does not justify the inconvenience and expense of an extraordinary order for further trial, briefing, and opinion. Petitioners contend that respondent was aware that he must prove fraud to overcome the bar of the statute of limitations. What the opposing party may have known apart from the pleadings is not the test of whether a belated motion to amend is timely. The Court has a right and duty to see that issues are properly raised in accordance with the Court's rules and orders. Lewis v. Commissioner,90 T.C. 1044, 1052-1053 (1988); see Vermouth v. Commissioner,88 T.C. 1488 (1987); Law v. Commissioner,84 T.C. 985, 994 (1985). An untimely amendment should be denied where -- as here -- no excuse for delay exists and there is prejudice or substantial inconvenience to the adverse party. See Evans v. Syracuse City School District,704 F.2d 44, 47 (2d Cir. 1983); Dunn v. Koehring Co.,546 F.2d 1193, 1198-1199 (5th Cir. 1977); Barrett v. Foster Grant Co.,450 F.2d 1146, 1149 (1st Cir. 1971); Strauss v. Douglas Aircraft Co.,404 F.2d 1152, 1155 (2d Cir. 1968). *100 The requirements of justice are to be considered in relation to motions to amend pleadings. Rule 41(a), Tax Court Rules of Practice and Procedure, and Given v. Commissioner, supra. In our prior opinion, we commented: We do not intend by this opinion to vindicate petitioners. Their testimony at trial was unpersuasive, although not demonstrably false. Their destruction of records, certain inconsistent statements, and the various items of underreporting are troublesome and suspicious. Most of their arguments are totally unsupported by the evidence. Suspicion, alone, however is not a sufficient basis for determination of fraud. See, e.g., Katz v. Commissioner,90 T.C. 1130 (1988). [55 T.C.M. 1259 at 1267, 57 P-H Memo T.C. par. 88,299 at 88-1528.] Under these circumstances, we are not persuaded that justice would be served by allowing the proposed amendment. Decision will be entered in accordance with respondent's computations.