ESTATE OF SILVIO RAVETTI, DECEASED, DONNA LOGAN, EXECUTRIX, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Ravetti v. Commissioner
Docket No. 2913-87
United States Tax Court
T.C. Memo 1992-697; 1992 Tax Ct. Memo LEXIS 737; 64 T.C.M. (CCH) 1476; December 7, 1992, Filed *737 An appropriate order denying petitioner's motion for leave to file amendment to petition and motion to review sufficiency of respondent's response to request for admissions will be issued. For Petitioner: Richard H. Foster. For Respondent: Paul J. Krug. WOLFE
WOLFE
MEMORANDUM OPINION WOLFE, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. All section references are to the Internal Revenue Code in effect for the tax years at issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure. This case is before this Court on petitioner's second motion for leave to file amendment to the petition, and petitioner's motion to review sufficiency of respondent's response to petitioner's request for admissions. [1]
*738 On November 6, 1986, respondent issued a joint notice of deficiency to petitioner and Martha Ravetti in which respondent determined deficiencies for 1979 and 1980 in the amounts of $ 114,255.64 and $ 178,738.60, respectively. Respondent determined additions to tax under section 6653(a) in the amounts of $ 5,713 and $ 8,937 respectively. In Estate of Ravetti v. Commissioner, T.C. Memo. 1989-45, we denied petitioner's first motion for leave to file amendment to the petition on the grounds that the amended petition was beyond our jurisdiction, as well as futile and inappropriate. The proposed amendment in that case contended that respondent violated petitioner's due process rights by granting innocent spouse treatment to Silvio Ravetti's ex-wife, Martha Ravetti, without providing petitioner notice or the opportunity to be heard. We noted that the case involved separate petitions rather than a joint petition. In denying the relief requested by petitioner, we stated that when separate petitions are filed, each case before the Tax Court is regarded as a separate case and that the parties in each separate case are subject only to their opponent's claims *739 and defenses. We noted that we can only determine a deficiency or overpayment with respect to the taxpayer before us and that we have no jurisdiction to make a finding as to the liability of a third party. We characterized petitioner's claim as one for contribution and suggested that petitioner might pursue its request in either a Federal or State court in California. Petitioner took its claims to the United States District Court for the Northern District of California. In Estate of Ravetti v. United States, 92-1 USTC par. 50,210, at 83,831 (N.D. Cal. 1992), the District Court granted respondent's motion for summary judgment, denied petitioner's motion for summary judgment, and dismissed petitioner's claims without prejudice for lack of jurisdiction. The case presently is pending on appeal before the Court of Appeals for the Ninth Circuit. 1. Motion For Leave to Amend Petition
On April 27, 1992, petitioner filed a motion for leave to amend the petition and proposed amendment in which petitioner seeks to raise, for the first time, the defense of the statute of limitations for 1979 and 1980. Petitioner contends that the consents to extend *740 the statute of limitations signed by Silvio Ravetti are ineffective because he was incompetent at the time he executed the consents. Petitioner further contends that because the statutory notice was issued more than 3 years after the filing of the tax returns in issue, respondent is barred by the statute of limitations from assessing tax. Rule 41(a) provides that, "A party may amend a pleading once as a matter of course at any time before a responsive pleading is served. * * * Otherwise a party may amend his pleading only by leave of Court or by written consent of the adverse party". Respondent served the answer in this case on April 3, 1987. Therefore, since respondent objects to the proposed amendment, petitioner requires leave of Court to amend the petition. Rule 41(a) further provides that leave to amend "shall be given freely when justice so requires." This Court has looked to cases decided under the Federal Rules of Civil Procedure (Fed. R. Civ. P.) 15(a) for guidance on the interpretation of Rule 41(a). Kramer v. Commissioner, 89 T.C. 1081, 1084-1085 (1987). Like Rule 41(a), Fed. R. Civ. P. 15(a) mandates that leave to amend "shall be *741 given freely when justice so requires." Although the rule reflects a liberal attitude toward amendment, the leave petitioner seeks is not a matter of right but is within the discretion of the Court. Foman v. Davis, 371 U.S. 178, 182 (1962). In the Foman case, supra at 182, the Supreme Court stated that leave to amend may be inappropriate in cases where there is: any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- * * * Accordingly, an untimely amendment properly may be denied where there is no excuse for delay and there is prejudice or substantial inconvenience to the adverse party. See Manzoli v. Commissioner, T.C. Memo. 1989-94, affd. 904 F.2d 101 (1st Cir. 1990). Under the circumstances of this case, we are not persuaded that justice would be served by allowance of the proposed amendment. Petitioner's proposed amendment would substantially *742 inconvenience and unfairly prejudice respondent. Amendment of the petition here would require respondent to contest the competency 9 years ago of a taxpayer now long deceased. Most, if not all, of the evidence bearing on Silvio Ravetti's competence is under the control of and in the possession of petitioner. Petitioner's amendment necessarily would require a new round of discovery relating to Silvio Ravetti's mental competency in 1983. Respondent now would be required to locate witnesses and experts to testify regarding circumstances of 9 years ago. We do not believe that justice would be served by placing this burden on respondent at this time with respect to a consent on which respondent reasonably has relied for 9 years. With respect to a motion to amend, a significant inquiry is whether or not the moving party would prevail on the merits. Russo v. Commissioner, 98 T.C. 28, 31 (1992). In its discretion the Court may refuse to grant leave to file the amendment if permitting an amended pleading would be futile. See Klamath-Lake Pharmaceutical Association v. Klamath Medical Service Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983). *743 Even if we were to grant petitioner's motion and petitioner then were able to meet the burden of proving Silvio Ravetti's incompetency, petitioner would not prevail on its claim of entitlement to relief. Respondent reasonably relied upon the consents and withheld issuance of the statutory notice while the case was appealed administratively. Such reasonable reliance upon consents which are in all respects regular in form should preclude any attack on their validity because of "the application of estoppel or some cognate doctrine." Hollman v. Commissioner, 38 T.C. 251, 260 (1962), supplemented T.C. Memo. 1962-236. Petitioner has not suggested any excuse for failing to raise the statute of limitations affirmative defense in previous pleadings. Since justice would not be served by granting the motion for leave to amend and since the amendment to the petition would be futile and would substantially inconvenience and unfairly prejudice respondent, the motion to amend is denied. 2. Motion to Review Sufficiency of Respondent's Response to Petitioner's Request For Admissions
On May 28, 1992, petitioner filed a motion to *744 review the sufficiency of respondent's response to petitioner's request for admissions. At the hearing of this motion, counsel for petitioner stated that the only response at issue is respondent's response to paragraph one of petitioner's request for admissions. In that paragraph, petitioner requests that respondent admit that the stipulation of facts previously entered into between respondent and petitioner in docket No. 26617-82, which concerns deficiency proceedings with respect to the income taxes of Silvio and Martha Ravetti for 1976-78, so far as pertinent, be admitted for purposes of this matter. Respondent has admitted the truth of a substantial portion of the stipulation of facts from docket No. 26617-82. Respondent objects to petitioner's further request set forth in the motion to review sufficiency of respondent's response on the ground that the stipulation of facts in docket No. 26617-82 is limited by its terms to that case and is therefore, irrelevant and immaterial to this case. Respondent further objects to this request on the ground that it is ambiguous and vague. Respondent contends that if there are additional paragraphs in the stipulation that petitioner considers *745 pertinent, petitioner should identify those portions, and respondent then will either admit or deny those matters. Petitioner contends that respondent desires "a one-way stipulation disregarding the concessions that brother counsel made in the course of a negotiated stipulation." Petitioner contends that the entire stipulation in docket No. 26617-82 is relevant to this case and that respondent should be bound by that stipulation. Rule 91(e) states that, "A stipulation and the admissions therein shall be binding and have effect only in the pending case and not for any other purpose, and cannot be used against any of the parties thereto in any other case or proceeding." Accordingly, respondent is not bound in this matter by the stipulation in docket No. 26617-82 by virtue of the circumstance that the same parties stipulated in that prior case. Accordingly, petitioner's motion to review sufficiency of respondent's response to request for admissions is denied. An appropriate order denying petitioner's motion for leave to file amendment to petition and motion to review sufficiency of respondent's *746 response to request for admissions will be issued. Footnotes
1. In the same proceedings, we heard Respondent's Motion to Compel Responses to Respondent's Interrogatories, and Respondent's Motion to Compel Production of Documents and Things, both of which motions were granted.↩