T.C. Memo. 2000-49

UNITED STATES TAX COURT

THOMAS Y. WALLACE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18990-97.                    Filed February 11, 2000.

Thomas Y. Wallace, pro se.

<u>Charles Pillitteri</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

THORNTON, <u>Judge</u>:  Respondent determined deficiencies in and
additions to petitioner's Federal income taxes as follows:

|       |            | Additions to Tax | | | |
|-------|------------|------------------|----------|----------------|------------|
| Year  | Deficiency | Sec. 6651(a)(1)  | Sec. 6651(f) | Sec. 6653(a)(1) | Sec. 6654 |
| 1988  | $12,796    | $3,199           | --       | $640           | $823       |
| 1989  | 22,254     | --               | $16,691  | --             | 1,505      |

The issues for consideration are: (1) Whether petitioner failed to report taxable income for taxable years 1988 and 1989, as determined by respondent using the net worth method of income reconstruction; (2) whether petitioner is liable for an addition to tax for fraudulent failure to file a Federal income tax return pursuant to section 6651(f) for taxable year 1989; (3) whether petitioner is liable for an addition to tax for negligence pursuant to section 6653(a)(1) for taxable year 1988; (4) whether petitioner is liable for an addition to tax for failure to file a Federal income tax return pursuant to section 6651(a)(1) for taxable year 1988; (5) whether petitioner is liable for self-employment tax pursuant to section 1401 for taxable years 1988 and 1989; and (6) whether petitioner is liable for additions to tax for failure to pay estimated income tax pursuant to section 6654 for taxable years 1988 and 1989.[1]

## FINDINGS OF FACT

The parties have stipulated some of the facts, which are herein incorporated by this reference. When he petitioned the Court, petitioner resided in Cherokee, Alabama.

On November 25, 1987, petitioner purchased an 80-acre farm (the Carskadon farm) in Clark County, Missouri, for $45,000. A

_____

[1] Unless otherwise indicated all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

cash downpayment of $10,000 was made at the time of the purchase, and the $35,000 balance was payable in five equal annual installments of $7,000, with interest.  During 1988 and 1989, petitioner made cash payments on the Carskadon farm totaling $20,300, representing principal and interest on the installment obligation.

During 1988 and 1989, petitioner made cash purchases of other real property as follows:

| | | |
|---|---|---|
| 04/22/88 | 603 Donaldson St., Canton, MO | $12,480 |
| 02/27/89 | Williamstown school, Williamstown, MO | 8,500 |
| 03/03/89 | Dawg Gone Saloon, Williamstown, MO | 1,400 |
| 03/25/89 | 275 acres, Clark County, MO | 42,900 |
| 05/16/89 | 20 acres, Clark County, MO | 5,200 |

In addition, during 1988 and 1989, petitioner paid approximately $9,916 in cash for improvements to these various properties.

During 1988 and 1989, petitioner also made cash purchases of personal property as follows:

| | | |
|---|---|---|
| 01/04/88 | 1986 trailer | $100 |
| 03/22/88 | Allis Chalmers tractor | 3,000 |
| 05/10/88 | 23-foot fiberglass boat | 2,500 |
| 05/18/88 | 1973 International truck | 1,500 |
| 05/21/88 | 1967 Chevy pickup | 325 |
| 07/26/88 | 1988 Harley-Davidson motorcycle | 10,850 |
| 07/31/89 | 1975 Ford pickup | 1,000 |
| 09/07/88 | Tanning bed | 3,815 |
| 04/05/89 | International tractor | 1,800 |
| 08/09/89 | 1976 Ford Thunderbird | 900[2] |
| 1989 | 1966 Ford truck | 900 |

[2] Includes a $400 trade-in.

Ronald Freetly also purchased for petitioner, using petitioner's funds, the following assets:

| | | |
|---|---|---|
| 01/18/88 | Vermeer used tractor | $3,500 |
| 02/02/88 | 1966 Ford pickup | 600 |
| 02/18/88 | Tractor equipment | 830 |

On August 12, 1987, petitioner's sister purchased a house trailer for petitioner for $20,884, making a downpayment of $2,089 and financing the balance. During 1988 and 1989, she made principal and interest payments on the property totaling $5,964, in addition to utility payments for telephone, electricity, and gas for the property. Petitioner lived in the house trailer throughout 1988 and 1989. He reimbursed his sister for all the payments she made on the house trailer, sometimes giving her cash and sometimes endorsing over to her checks that he received from other sources.

Petitioner did not file Federal income tax returns for taxable years 1988 and 1989.

The Criminal Proceeding

On April 14, 1995, a Federal grand jury indicted petitioner with three counts of violating section 7201, attempting to evade or defeat tax, for taxable years 1988, 1989, and 1990, and three counts of violating section 7203, willful failure to file a Federal income tax return, supply information or pay tax, for taxable years 1988, 1989, and 1990. On June 18, 1996, petitioner pleaded guilty to violating section 7201 for taxable year 1989.

The stipulation of facts relative to sentencing, filed June 18, 1996, (the stipulation relative to sentencing) states: "The total federal income taxes evaded by * * * [petitioner] for the year 1989 was approximately $16,000". The U.S. District Court for the Eastern District of Missouri imposed a 9-month jail term and ordered petitioner to pay an assessment of $50, a fine of $1,000, and restitution to the Internal Revenue Service in the amount of $16,000. Petitioner paid these amounts as required.

Respondent's Examination and Determination

As part of the criminal investigation of petitioner, respondent's special agent searched county records and bank records, and interviewed third parties. Respondent found that petitioner did not have a bank account. Respondent used the net worth method to reconstruct petitioner's income. Respondent determined that petitioner had received unreported income of $40,237 and $67,708 for taxable years 1988 and 1989, respectively, resulting in taxable income of $35,287 and $62,609 for taxable years 1988 and 1989, respectively.

The following is respondent's computation of petitioner's increase in net worth plus living expenses for 1988 and 1989:

| ASSETS | 12/31/88 | 12/31/89 |
| --- | --- | --- |
| PROPERTIES | | |
| Carskadon 80 acre farm | $45,000.00 | $45,000.00 |
| Schaller/603 Donaldson | 12,480.00 | 12,480.00 |
| Williamstown School | -- | 8,500.00 |
| Dawg Gone Saloon | -- | 1,400.00 |

|                                         | 12/31/88     | 12/31/89     |
|-----------------------------------------|-------------:|-------------:|
| Lake of Oaks 275 Acres                  | --           | 42,900.00    |
| Lake of Oaks 20 Acres                   | --           | 5,200.00     |
| Improvements 603 Donaldson              | 5,586.09     | 5,586.09     |
| Road Improvements                       | 500.06       | 1,520.50     |
| Improvements Dawg Gone Saloon           | --           | 1,321.83     |

### OTHER

|                                         | 12/31/88     | 12/31/89     |
|-----------------------------------------|-------------:|-------------:|
| House Trailer                           | 20,876.64    | 20,876.64    |

### VEHICLES

|                                         | 12/31/88     | 12/31/89     |
|-----------------------------------------|-------------:|-------------:|
| Harley Davidson Motorcycle 1988         | 10,850.00    | 10,850.00    |
| MG 1974                                 | 400.00       | 400.00       |
| Ford station wagon 1981                 | 300.00       | 300.00       |
| Chevy truck 1978                        | 600.00       | 600.00       |
| Homemade Trailer 1977                   | --           | --           |
| Trailer 1986                            | 100.00       | 100.00       |
| Chrysler 23ft boat 1968                 | 2,500.00     | 2,500.00     |
| International truck 1973<br> and trailer | 1,500.00    | 1,500.00     |
| Chevy 1967                              | 325.00       | --           |
| Ford truck 1966                         | 600.00       | 600.00       |
| Ford truck 1975                         | --           | 1,000.00     |
| Ford T-Bird 1976                        | --           | 900.00       |
| Ford truck 1966                         | --           | 900.00       |
| 18ft Goose Neck Trailer 1977            | --           | --           |

### EQUIPMENT

|                                         | 12/31/88     | 12/31/89     |
|-----------------------------------------|-------------:|-------------:|
| M-470 Vermeer Tractor w/trencher<br> & b[ackhoe] | 3,500.00 | 3,500.00 |
| Boring Equipment                        | 830.00       | 830.00       |
| D-17 Allis Chalmers Tractor             | 3,000.00     | 3,000.00     |
| Tanning bed                             | 3,814.65     | 3,814.65     |
| B-414 International Tractor             | --           | 1,800.00     |
| TOTAL ASSETS                            | 112,762.44   | 177,379.71   |

## LIABILITIES

### PROPERTIES

|                                         | 12/31/88     | 12/31/89     |
|-----------------------------------------|-------------:|-------------:|
| Loan-Carskadon 80 Acre Farm             | 28,000.00    | 21,000.00    |
| Accum. Depr. Carskadon Farm             | 8,098.06     | 12,070.95    |

|                               | 12/31/88   | 12/31/89    |
|-------------------------------|------------|-------------|
| Accum. Depr. 603 Donaldson    | 339.79     | 902.86      |
| Accum. Depr. Dawg Gone Saloon | --         | --          |
| **OTHER**                     |            |             |
| Loan-House Trailer            | 18,284.71  | 17,839.27   |
| Accum. Depr. Road             | 25.00      | 123.53      |
| **VEHICLES AND EQUIPMENT**    |            |             |
| Accum. Depr. 179 Deduction    | 10,000.00  | 13,700.00   |
| Accum. Depr. Dehicles         | 440.00     | 1,144.00    |
| Accum. Depr. Equipment        | 163.52     | 443.83      |
| TOTAL LIABILITIES             | 65,351.08  | 67,224.44   |
| NET WORTH (Assets-Liabilities)| 47,411.36  | 110,155.27  |
| INCREASE IN NET WORTH         |            |             |
| NET WORTH                     | 47,411.36  | 110,155.27  |
| PRIOR YEAR NET WORTH          | 10,587.36  | 47,411.36   |
| INCREASE IN NET WORTH         | 36,824.00  | 62,743.91   |
| PLUS PERSONAL EXPENDITURES[1] | 4,582.55   | 5,946.97    |
| LESS: NON-TAXABLE ITEMS       | (1,170.00) | (982.80)    |
| CORRECTED AGI                 | 40,236.55  | 67,708.08   |

[1] In estimating petitioner's personal expenditures for 1988 and 1989, respondent took a conservative approach by including only certain documented expenses for utilities, vacations, personal interest and license fees, totaling $4,583 and $5,947, for 1988 and 1989, respectively. Respondent did not attempt to estimate other living expenses such as food, clothing, furniture, and entertainment.

OPINION

Taxpayers are required to keep adequate books or records from which their correct tax liability can be determined. See sec. 6001. In the absence of adequate books and records, the Commissioner may reconstruct a taxpayer's taxable income by any reasonable method. See Holland v. United States, 348 U.S. 121, 131 (1954). The courts have long recognized the net worth method as a reasonable method. See id.; Manzoli v. Commissioner, 904 F.2d 101 (1st Cir. 1990), affg. T.C. Memo. 1989-94 and T.C. Memo. 1988-299; United States v. Sorrentino, 726 F.2d 876 (1st Cir. 1984); Estate of Mazzoni v. Commissioner, 451 F.2d 197 (3d Cir. 1971), affg. T.C. Memo. 1970-144 and T.C. Memo. 1970-37.

Under the net worth method, taxable income is computed by reference to the change in the taxpayer's net worth during a year, increased for nondeductible expenses such as living expenses, and decreased for items attributable to nontaxable sources such as gifts and loans. The resulting figure may be considered to represent taxable income, provided: (1) The Commissioner establishes the taxpayer's opening net worth with reasonable certainty; and (2) the Commissioner either shows a likely source of unreported income or negates possible nontaxable sources. See Holland v. United States, supra at 132-138; United States v. Massei, 355 U.S. 595, 595-596 (1958); Brooks v.

<u>Commissioner</u>, 82 T.C. 413, 431-432 (1984), affd. without published opinion 772 F.2d 910 (9th Cir. 1985).

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving by a preponderance of evidence that those determinations are erroneous. See Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).

Petitioner has not alleged any error in respondent's determination of his opening net worth, except as relates to $10,000 that respondent treated petitioner as having paid as a downpayment for the Carskadon farm in 1987. Petitioner argues that he borrowed the $10,000 from a friend, thus suggesting that this sum should not be included in his net worth computation (or else the computation should reflect a corresponding decrease for his outstanding liability). The evidence in the record--consisting of two conflicting statements from the now-deceased friend--is inconclusive as to whether petitioner made the downpayment with borrowed funds. Any error by respondent in this regard, however, was harmless. Since the farm was bought in 1987 and the treatment of the downpayment remained unchanged throughout the years in issue, the final result of the net worth computation was unaffected by this item. Cf. <u>United States v. Scrima</u>, 819 F.2d 996, 999 (11th Cir. 1987). We conclude and hold

that respondent determined petitioner's opening net worth with reasonable certainty.

In the stipulation relative to sentencing, petitioner stipulated that with respect to taxable year 1989, he had income from various taxable sources, including income from farm property, sales of farming equipment, and payments for hunting leases. Given that petitioner owned similar types of assets in taxable year 1988, it is a fair inference that these assets constituted a likely source of income for taxable year 1988 as well.

At trial, petitioner sought to establish a nontaxable source for the income reflected in respondent's net worth analysis, arguing generally that "I purchased the properties with other people's money. The majority of the money was somebody else's". During the examination, respondent investigated these claims by petitioner, interviewing persons from whom petitioner claimed to have borrowed the money, and determined that petitioner's claims were not valid. Similarly, we do not find petitioner's uncorroborated testimony to be credible. The totality of the evidence, including the stipulation relative to sentencing, clearly establishes that petitioner made currency payments to purchase ownership interests in the various properties in question, often concealing his ownership interests in order to avoid detection by tax and other law enforcement authorities.

Accordingly, we find that respondent's reconstruction correctly determined petitioner's taxable income.

Fraudulent Failure To File for 1989

Section 6651(f) generally provides that if any failure to file any return is fraudulent, there shall be added to the amount required to be shown as tax on the return 15 percent of the amount of such tax if the failure to file is for less than a month, with an additional 15 percent for each additional month or fraction thereof during which the failure continues, not exceeding 75 percent in the aggregate. Respondent bears the burden of proving fraud under section 6651(f) by clear and convincing evidence. See sec. 7454(a); Rule 142(b); Parks v. Commissioner, 94 T.C. 654, 660-661 (1990).

Respondent argues that petitioner is collaterally estopped from denying liability for the addition to tax under section 6651(f) because petitioner pleaded guilty to a violation of section 7201 in taxable year 1989.

The doctrine of collateral estoppel is intended to avoid repetitious litigation by precluding the relitigation of any issue of fact or law that was actually litigated and that resulted in a final judgment. See Montana v. United States, 440 U.S. 147, 153 (1979). "Under the doctrine of collateral estoppel a party is precluded from litigating an issue if (1) the identical issue has been (2) actually litigated in a prior suit

which (3) could not have been decided without resolving the issue." In re Raiford, 695 F.2d 521, 523 (11th Cir. 1983); see Williams v. Bennett, 689 F.2d 1370, 1381 (11th Cir. 1982). "The use of a criminal conviction as conclusive of an issue in subsequent civil litigation, though not universally accepted, is well established today." In re Raiford, 695 F.2d at 523. For purposes of applying collateral estoppel, there is no difference between a judgment of conviction based upon a guilty plea and a judgment of conviction rendered after a trial on the merits. See Arctic Ice Cream Co. v. Commissioner, 43 T.C. 68, 75 (1964); see also United States v. Killough, 848 F.2d 1523, 1528 (11th Cir. 1988).

It is well settled that a conviction under section 7201 collaterally estops a taxpayer from denying fraud for purposes of former section 6653(b).[3] See Blohm v. Commissioner, 994 F.2d 1542, 1554 (11th Cir. 1993), affg. T.C. Memo. 1991-636; Amos v.

---

[3] The substance of sec. 6653(b), before amendment by sec. 7721(a) of the Omnibus Budget Reconciliation Act of 1989 (OBRA 1989), Pub. L. 101-239, 103 Stat. 2106, 2395, now appears in secs. 6651(f) and 6663, which are effective generally for returns the due date of which is after Dec. 31, 1989. Before amendment by OBRA 1989, sec. 6653(b)(1) provided:

> In General.--If any part of any underpayment * * * of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 75 percent of the portion of the underpayment which is attributable to fraud.

Commissioner, 43 T.C. 50, 54-56 (1964), affd. 360 F.2d 358 (4th Cir. 1965).  There is substantive identity between the elements that we consider in determining the imposition of additions to tax for fraud under former section 6653(b)(1) and under current sections 6651(f) and 6663.  See Clayton v. Commissioner, 102 T.C. 632, 653 (1994).  Accordingly, a conviction (or guilty plea) under section 7201 collaterally estops a taxpayer from denying fraud for purposes of section 6651(f).  We conclude and hold that petitioner is collaterally estopped from denying liability for the addition to tax under section 6651(f).

Negligence for 1988

As in effect with respect to petitioner's 1988 taxable year, section 6653(a) imposes an addition to tax equal to 5 percent of any underpayment, any part of which is attributable to negligence.  "Negligence is lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances."  Neely v. Commissioner, 85 T.C. 934, 947 (1985).  A taxpayer's failure to file a return is prima facie evidence of negligence.  See Emmons v. Commissioner, 92 T.C. 342, 349-350 (1989), affd. 898 F.2d 50 (5th Cir. 1990).  Petitioner has not challenged the addition to tax under section 6653(a), and the evidence does not establish any adequate or reasonable excuse or justification for petitioner's failure to file.  Accordingly, we sustain respondent's determination that petitioner is liable

for an addition to tax pursuant to section 6653(a) for taxable year 1988.

## Failure To File for 1988

Section 6651(a)(1) imposes an addition to tax for failure to file a timely return, unless the taxpayer can establish that such failure "is due to reasonable cause and not due to willful neglect".  It is undisputed that petitioner did not file a 1988 Federal income tax return.  Petitioner has not argued, and the evidence does not establish, that there was reasonable cause for his failure to file his 1988 return.  We sustain respondent's determination on this issue.

## Self-Employment Taxes

Section 1401 generally provides that a tax shall be imposed on a specified percentage of the self-employment income of every individual.  Petitioner failed to address respondent's determination that he is liable for self-employment taxes.  We sustain respondent's determination on this issue.

## Failure To Pay Estimated Taxes

Respondent determined an addition to tax under section 6654 for taxable years 1988 and 1989 based on petitioner's failure to pay estimated income tax.  Section 6654(a) provides for an addition to tax "in the case of any underpayment of estimated tax by an individual".  An addition to tax under section 6654 is mandatory absent the application of one of the exceptions

contained in that section.  See <u>In re Sanford v. Commissioner</u>, 979 F.2d 1511, 1514 (11th Cir. 1992); <u>Niedringhaus v. Commissioner</u>, 99 T.C. 202, 222 (1992).  Petitioner does not argue that any of the exceptions contained in section 6654 apply, nor does he argue that respondent erred in determining an addition to tax under section 6654.  Accordingly, we sustain respondent's determination.

 To reflect the foregoing,

<u>Decision will be</u>

<u>entered for respondent</u>.[4]

---

[4] It is undisputed that petitioner has paid to respondent $16,000 in restitution, this sum corresponding to the amount stated in the stipulation relative to sentencing as being the total Federal income taxes evaded by petitioner with respect to taxable year 1989.  Neither at trial nor on brief has respondent addressed the merits of petitioner's claim that he should be given credit for this $16,000 payment against his 1989 deficiency.  We expect petitioner to be given credit for his $16,000 restitution payment for taxable year 1989.  Cf. <u>M.J. Wood Associates, Inc. v. Commissioner</u>, T.C. Memo. 1998-375.