T.C. Memo. 2007-371

UNITED STATES TAX COURT

ESTATE OF KWANG LEE, DECEASED,
ANTHONY J. FRESE, EXECUTOR, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14511-06.                    Filed December 20, 2007.

D died 46 days after his wife, W.  D's estate
claimed a marital deduction for property that was
transferred to W as if W had survived D.  W's will
states that D is deemed to have predeceased W for
purposes of W's will if D dies within 6 months after
W's death.  Although not stated specifically in D's
will, D's intention for purposes of D's will was that W
also be deemed to have survived D if D died within 6
months after W's death.
    Held:  D's testamentary intent that D be deemed to
have predeceased W will not be recognized as qualifying
the estate for the marital deduction for Federal estate
tax purposes because sec. 2056, I.R.C., requires that a
spouse actually survive his or her spouse in order to
be a "surviving spouse".

Barbara L. de Mare, for petitioner.

Lisa M. Rodriquez, for respondent.


MEMORANDUM OPINION


LARO, Judge:  Anthony J. Frese (Frese), acting in his capacity as executor of the Estate of Kwang Lee and with a mailing address in Hackensack, New Jersey, petitioned the Court to redetermine respondent's determination of a Federal estate tax deficiency of $1,020,129, a section 6662(a) accuracy-related penalty of $204,026, and a section 6651(a)(1) addition to tax of $255,032 for untimely filing.[1]  Currently, this case is before the Court on respondent's motion for partial summary judgment under Rule 121.  Respondent argues that he properly disallowed a marital deduction claimed by the Estate of Kwang Lee (decedent's estate) because Kwang Lee (decedent) was not survived by his wife, Kyong Lee (Ms. Lee).  Petitioner argues that decedent's estate may benefit from the marital deduction because Ms. Lee survived decedent by operation of decedent's and Ms. Lee's respective wills.  We decide whether the estate qualifies for the marital deduction under section 2056.  We hold it does not.

---

[1]Rule references are to the Tax Court Rules of Practice and Procedure.  Unless otherwise noted, section references are to the applicable versions of the Internal Revenue Code (Code).

Background

Ms. Lee died testate on August 15, 2001, leaving a Last Will and Testament dated June 21, 2001 (Ms. Lee's will). Ms. Lee's will was admitted to probate on September 14, 2001, on which day letters testamentary were issued to decedent.

Decedent died testate on September 30, 2001, also leaving a Last Will and Testament dated June 21, 2001. Decedent's will was admitted to probate, and letters testamentary were issued to Frese as successor executor. After decedent's death, Frese was appointed successor executor of Ms. Lee's estate pursuant to Ms. Lee's will. The wills of decedent and Ms. Lee were drafted by petitioner's counsel, Barbara L. de Mare (Ms. de Mare).

When the estate planning was performed, decedent and Ms. Lee suffered from a serious and ultimately fatal disease. Decedent and Ms. Lee had three children in their twenties and wished to establish trusts for those children. Decedent had been a corporate executive and, because of the nature of his work benefits, most of the assets of decedent and Ms. Lee were held in decedent's name. The joint assets and the assets titled in Ms. Lee's name alone constituted only a minimal portion of the combined estates.

Through their wills, a major objective of decedent and Ms. Lee was to obtain the maximum tax benefits for their respective estates. To fulfill this goal, Ms. de Mare drafted the wills

with the following survivorship provisions.  Article 9 of Ms. Lee's will states:  "<u>Ninth</u>:  For purposes of this Will, any person who shall die within six (6) months after my death shall be deemed to have predeceased me".  Conversely, decedent's will states:

> NINTH:  A. For purposes of this Will, any person, other than my wife, who shall die within six (6) months after my death shall be deemed to have predeceased me.
>
> B. In the event that my wife shall die at the same time as I, or under circumstances such as to render it difficult or impossible to determine who died first, my wife shall be deemed to have survived me.

Decedent and Ms. Lee intended that Ms. Lee be deemed to have survived decedent if decedent died within 6 months after the death of Ms. Lee.

The estates of decedent and Ms. Lee were administered as though decedent had predeceased Ms. Lee.  The estate tax returns were filed as if decedent died first, and a credit shelter trust was established in decedent's name with the residuary thereof transferred to Ms. Lee as if she were still alive.  Decedent's estate's tax return claimed the marital deduction as to the residuary purportedly transferred to Ms. Lee.

## Discussion

A.  <u>Summary Judgment</u>

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  <u>Fla. Peach Corp. v.</u>

Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences are drawn in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982). Petitioner has raised no genuine issue as to any material fact. Accordingly, we conclude that this case is ripe for partial summary judgment.

B.   Marital Deduction

Deductions are strictly a matter of legislative grace, and petitioner must show that the claimed deduction is allowed by the Code. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). Petitioner argues that decedent intended that Ms. Lee be deemed to have survived him were he to die within 6 months after her. Petitioner argues that this intent establishes the ordering of

decedent's and Ms. Lee's deaths for estate and related tax purposes.  To this end, petitioner relies on section 2056(b)(3):

> (3)  Interest of spouse conditional on survival for limited period.--For purposes of this subsection, an interest passing to the surviving spouse shall not be considered as an interest which will terminate or fail on the death of such spouse if--
>
> > (A) such death will cause a termination or failure of such interest only if it occurs within a period not exceeding 6 months after the decedent's death, or only if it occurs as a result of a common disaster resulting in the death of the decedent and the surviving spouse, or only if it occurs in the case of either such event; and
> >
> > (B) such termination or failure does not in fact occur.

Petitioner argues that section 2056(b)(3) permits the actual order of the death of spouses to be altered for estate and related tax purposes as long as the deaths are still within 6 months of each other.

Respondent argues that the marital deduction requires an actual surviving spouse.  Because Ms. Lee died 46 days before decedent, respondent argues, decedent had no surviving spouse and decedent's estate is not entitled to benefit from the marital deduction.  Respondent argues that the wills of decedent and Ms. Lee cannot operate to change the order of their deaths. Respondent further argues that the term "survivor" is undefined in the Code and therefore must be given its normal and customary

meaning. Respondent states that the plain meaning of "survivor" is one who outlives another.

We begin our analysis with the applicable statute. Section 2056(a) provides for a marital deduction from the value of a decedent's gross estate:

SEC. 2056. BEQUESTS, ETC., TO SURVIVING SPOUSE.

(a) Allowance of Marital Deduction. * * * the value of the taxable estate shall * * * be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

This provision permits a deduction from the value of a decedent's gross estate of an amount equal to the value of property interests that pass from a decedent to his or her surviving spouse. By its terms, section 2056 predicates the marital deduction on the presence of a "surviving spouse". See also sec. 20.2056(a)-1(a), Estate Tax Regs.

We find petitioner's reliance on section 2056(b)(3) to be misplaced. Petitioner argues that section 2056(b)(3) permits a change in the order of the deaths of a husband and wife if they die within 6 months of each other. We disagree. We do not read section 2056(b)(3) to permit any modification to the timing of the actual deaths of a husband and wife. Instead, we read section 2056(b)(3) to permit a marital deduction even if the passing of an interest to a surviving spouse is conditioned upon

the spouse's surviving the decedent by a period not exceeding 6 months, provided the spouse in fact survives the requisite 6 months, and thus the condition is satisfied.  See Estate of Mackie v. Commissioner, 64 T.C. 308, 312 (1975), affd. 545 F.2d 883 (4th Cir. 1976); Estate of Shepherd v. Commissioner, T.C. Memo. 1989-610.

As to the term "surviving spouse", we construe that term in accordance with its ordinary meaning.  See United States v. Am. Trucking Associations, Inc., 310 U.S. 534, 543-544 (1940); Venture Funding, Ltd. v. Commissioner, 110 T.C. 236, 241-242 (1998), affd. without published opinion 198 F.3d 248 (6th Cir. 1999).  The ordinary meaning of the word "survivor" is one who survives another; i.e., one who outlives another.  Building on this definition, the term "surviving spouse" requires that a spouse actually survive his or her spouse; i.e., the later-dying spouse must actually outlive his or her spouse.  Because Ms. Lee did not actually survive decedent, i.e., Ms. Lee predeceased decedent, we conclude that Ms. Lee is not a surviving spouse within the meaning of section 2056(a).  While decedent may have intended that Ms. Lee, even though dead, be deemed to have survived him, the operation of a will or wills cannot alter the order of the actual deaths of decedent and Ms. Lee.  Cf. sec. 20.2056(c)-2(e), Tax Regs. (a presumption, whether supplied by local law, the decedent's will, or otherwise, may operate to

determine the order of the deaths of spouses if the actual order of their deaths cannot be determined).

An appropriate order will be issued granting respondent's motion for partial summary judgment. We have considered all arguments by petitioner for a holding contrary to that which we reach herein. To the extent not discussed, we conclude that those arguments are irrelevant or without merit.

<u>An appropriate order will</u>

<u>be issued.</u>