T.C. Memo. 2009-84


UNITED STATES TAX COURT


ESTATE OF KWANG LEE, DECEASED,
ANTHONY J. FRESE, EXECUTOR, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14511-06.                  Filed April 27, 2009.


Frank Agostino, Soh-Yung Erica Son, Michael P. Mattaliano,

and Barbara L. de Mare, for petitioner.[1]

Lisa M. Rodriquez, for respondent.

_____

[1]Barbara L. de Mare (Ms. de Mare) entered her appearance on Aug. 10, 2006.  She was allowed to withdraw her appearance on Sept. 2, 2008, because of a conflict of interest.  Frank Agostino entered his appearance on Sept. 9, 2008.  Soh-Yung Erica Son and Michael P. Mattaliano entered their appearances on Sept. 23, 2008.

MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, Judge:  Respondent determined a $1,020,129 deficiency in the Federal estate tax of the Estate of Kwang Lee, Deceased (decedent's estate), a $255,032 addition to that tax under section 6651(a)(1) for untimely filing, and a $204,026 accuracy-related penalty under section 6662(a) for negligence or disregard of rules or regulations, or alternatively, for a substantial understatement of income tax.[2]  In Estate of Lee v. Commissioner, T.C. Memo. 2007-371, the Court decided through partial summary judgment that decedent's estate did not qualify for a marital deduction.  Our decision was predicated on our holding (contrary to the argument of petitioner) that language included in the wills of Kwang Lee (decedent) and his wife, Kyoung Lee (Ms. Lee; collectively, the Lees), could not change the order of their actual deaths for purposes of determining who was the surviving spouse within the meaning of section 2056(a).  See id.  The only issues remaining in dispute, and which we decide herein, are whether decedent's estate is liable for the accuracy-related penalty and the addition to tax.  Following a trial on these issues, we hold that decedent's estate is liable for neither of these items.

---

[2]Unless otherwise noted, section references are to the applicable versions of the Internal Revenue Code, and Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

I. <u>Preliminaries</u>

The parties filed with the Court numerous stipulations of fact accompanied by various exhibits described in the stipulations. The Court also deemed some facts and exhibits stipulated pursuant to Rule 91(f). We incorporate herein the stipulated facts and exhibits, and we find the stipulated facts accordingly.

II. <u>Decedent</u>

Decedent was born on January 4, 1941, and he later married Ms. Lee. The Lees had a significant combined wealth that was attributable primarily to life insurance and stock options that were decedent's employee benefits. Those benefits were titled in decedent's name alone. A minimal part of the Lees' combined wealth consisted of assets owned jointly by the Lees and assets owned by Ms. Lee alone.

Ms. Lee died testate on August 15, 2001. Decedent died testate on September 30, 2001. The will of each of the Lees was dated June 21, 2001.

III. <u>Judge Frese</u>

Anthony J. Frese (Judge Frese) has been a presiding municipal court judge for the last 23 years. Cases in his court relate primarily to motor vehicle and parking citations and to minor criminal charges. Judge Frese also is a practicing

attorney affiliated with the law firm of Nowell Amoroso Klein Bierman, P.A. (Nowell). Judge Frese practices primarily in the defense of individuals or entities charged with violating liquor laws. Judge Frese does not practice tax law, and he has no specialized knowledge of Federal tax. Judge Frese has limited experience in estate planning and in estate administration.

IV. The Lees Seek the Expeditious Preparation of Their Wills

Judge Frese and decedent were neighbors and good friends. In the spring of 2001, decedent informed Judge Frese that the Lees wanted their wills prepared expeditiously because they were dying of cancer. Decedent asked Judge Frese if he would prepare their wills for them. Judge Frese declined because, he stated, he was unqualified to prepare their wills in the manner they desired.

V. Ms. de Mare

Judge Frese asked Henry Amoroso, a partner at Nowell, to recommend an estate planning attorney whom Judge Frese could recommend to the Lees. Henry Amoroso recommended Ms. de Mare. Henry Amoroso told Judge Frese that estate planning and will preparation were two of Ms. de Mare's specialties and that she had been practicing law in those areas for many years. Ms. de Mare was a partner at Nowell who had specialized in estate planning, estate administration, and the preparation of Federal estate tax returns for over 30 years.

Following Judge Frese's conversation with Henry Amoroso, Judge Frese read the section of Nowell's practice brochure that described Ms. de Mare's education, experience, and professional affiliations. He also met and spoke with her personally. Judge Frese concluded from his review of Ms. de Mare's qualifications and from his conversations with her and Henry Amoroso that Ms. de Mare was a qualified estate planning attorney, a qualified estate administrator, and a qualified preparer of Federal estate tax returns. Judge Frese advised the Lees to retain her to prepare their wills. The Lees followed that advice.

VI. Preparation of Wills

Ms. de Mare concluded that the Lees could minimize Federal estate taxes payable on their estates if decedent transferred some of his assets to Ms. Lee. Ms. de Mare first considered having decedent disclaim or actually transfer some of his employee benefits to Ms. Lee. Ms. de Mare ascertained, however, that decedent could neither transfer nor disclaim those benefits. Ms. de Mare concluded that decedent had to predecease Ms. Lee to cause the desired transfer of assets. Because Ms. de Mare could not be sure that decedent would actually die first, she included a deemed survivorship provision in each of the Lees' wills. Ms. Lee's will states: "For purposes of this Will, any person who shall die within six (6) months after my death shall be deemed to have predeceased me". Decedent's will states:

A.   For purposes of this Will, any person, other than my wife, who shall die within six (6) months after my death shall be deemed to have predeceased me.

B.   In the event that my wife shall die at the same time as I, or under circumstances such as to render it difficult or impossible to determine who died first, my wife shall be deemed to have survived me.

## VII.   Judge Frese Appointed Executor of Estates

Judge Frese was appointed executor of each of the Lees' estates shortly after they died.  These appointments were made pursuant to the Lees' wills and were the first two times that Judge Frese served as an executor.  Judge Frese asked Ms. de Mare to help him administer the estates because she was an attorney familiar with the Lees' assets and she had drafted their wills.  Judge Frese asked Ms. de Mare to prepare the necessary tax returns for him to sign and to file.  Judge Frese understood that he had to file a Federal estate tax return for decedent's estate and that the unextended due date of the return was June 30, 2002.

Judge Frese provided Ms. de Mare with all of the information she requested to help him administer decedent's estate and for her to prepare its Federal estate tax return.  Judge Frese spoke regularly with Ms. de Mare about the administration of decedent's estate and about her preparation of its estate tax return.  Judge Frese monitored the extent that Ms. de Mare was working on decedent's estate through his conversations with her and through his review of the legal bills that she tendered to the estate for payment.

VIII.  <u>First Request for Extension</u>

On June 28, 2002, Ms. de Mare, as an attorney for and on behalf of decedent's estate, signed and mailed to the Internal Revenue Service a Form 4768, Application for Extension of Time To File a Return and/or Pay U.S. Estate (and Generation-Skipping Transfer) Taxes.  She requested through that form an automatic 6-month extension of time to file the estate tax return of decedent's estate.  She included with the request a check for $250,000.  That check was given to her by Judge Frese, and the amount of the check represented her estimate of a little more than the Federal estate tax that would ultimately be due on decedent's estate.  Her filing of this form extended the due date of the estate tax return of decedent's estate to December 30, 2002.  She provided Judge Frese with a copy of the form as filed, and he was aware of the extended due date.

IX.  <u>Second Request for Extension</u>

On December 30, 2002, Ms. de Mare went to her office intending to complete the estate tax return for decedent's estate.  Judge Frese had told her he would be in his office on that day to sign and to file the return, and she believed that only minor portions of the return remained to be completed.  Ms. de Mare prepared Federal estate tax returns for her clients using a software program on her computer.  When she tried to access that program on December 30, 2002, all of her client's returns

were gone.  She attempted to retrieve the estate tax return of decedent's estate but to no avail.

Ms. de Mare concluded late that afternoon that she would be unable to retrieve the return, and she informed Judge Frese of her situation.  She advised him not to worry because she had everything under control.  She advised him that she would simply request a second 6-month extension of time to file the return which, if denied, would give decedent's estate 10 days after notification of the denial to file the return timely.  She advised him that decedent's estate should enclose a $100,000 check with the request so that it would definitely not owe anything with respect to the return.  She advised him that the $100,000 would be refunded to decedent's estate after its estate tax return was filed.

Judge Frese questioned Ms. de Mare on her advice, and she assured him it was correct.  Judge Frese understood from his conversations with Ms. de Mare that decedent's estate was entitled to request a second extension which would result in either a 6-month extension or, at the least, the 10-day extension referred to by Ms. de Mare.  Judge Frese accepted Ms. de Mare's advice and authorized her to request a second extension.  Unknown to Judge Frese at that time, Ms. de Mare had never before requested from the Internal Revenue Service a second extension of time to file a Federal estate tax return.  She also had not

researched whether such an extension could be requested, or consulted Form 4768 or its instructions for guidance as to this matter.

By letter dated December 30, 2002, Ms. de Mare informed the Internal Revenue Service that she and Nowell were requesting an additional extension of time to file the estate tax return of decedent's estate. The letter stated:

> We are still unable to file the estate tax return, although it is nearly completed, as our computerized tax service has self-destructed, and we cannot recall the completed portions of the return. We are working with our service to retrieve the return, and will file it within a few days after retrieval. Therefore an additional extension of time to file and to pay is requested.

Ms. de Mare included with the letter a $100,000 check given to her by Judge Frese. Ms. de Mare provided Judge Frese with a copy of the letter.

Ms. de Mare's letter was received by the Internal Revenue Service on January 6, 2003, and it was stamped "MAIL" "RECE'VED IRS". The accompanying $100,000 check was cashed shortly thereafter. The letter with the stamp mark was returned to Ms. de Mare shortly after January 6, 2003. The letter as returned did not indicate that the requested second extension was granted, denied, or even considered.

In February 2003, Ms. de Mare received the canceled $100,000 check with her monthly bank statement. Shortly thereafter, she advised Judge Frese that an additional 6-month extension had been

granted to decedent's estate by virtue of the fact that the Internal Revenue Service had cashed the $100,000 check and had not notified her that her second request was denied. Ms. de Mare advised Judge Frese that the due date for the estate tax return was now June 30, 2003. Judge Frese questioned Ms. de Mare as to her advice, and she assured him it was correct.

X.  Filing of Estate Tax Return of Decedent's Estate

On May 5, 2003, the Internal Revenue Service sent a taxpayer delinquency notice to decedent's estate. Sixteen days later, Ms. de Mare finished preparing the estate tax return of decedent's estate. One week after that, Judge Frese, as executor of decedent's estate, signed and mailed the return to the Internal Revenue Service. The return contained a copy of the Form 4768 mailed to the Internal Revenue Service on June 28, 2002, and a copy of Ms. de Mare's letter mailed to the Internal Revenue Service on December 30, 2002.

The estate tax return of decedent's estate was prepared as though decedent had predeceased Ms. Lee and claimed a marital deduction under section 2056 of $1,618,225. The return also claimed a deduction of $427,331.29 for Federal and New Jersey estate taxes paid on the estate of Ms. Lee, asserting that those taxes were a liability of decedent's estate because he was considered to have predeceased her. The return reported that

decedent's estate had overpaid its Federal estate tax by $124,676.40.

Judge Frese reviewed the entire return with Ms. de Mare before filing it. He also questioned her at that time on certain aspects of the return, including the reversal of the Lees' actual deaths in order to claim a marital deduction and a deduction for the taxes paid on the estate of Ms. Lee. Ms. de Mare assured Judge Frese that the return was correct and that the claimed deductions were proper. Judge Frese accepted the advice of Ms. de Mare, noting to himself that she had prepared the return consistently with her prior advice that decedent's estate would receive a refund of the $100,000 paid with the second extension request.

XI. Notice of Deficiency

On April 26, 2006, respondent issued a notice of deficiency to decedent's estate. The notice reflected respondent's determination that the estate was not entitled to deduct either the $1,618,225 or the $427,331.29 because Ms. Lee died before decedent. Judge Frese, acting in his capacity as executor of decedent's estate and with a mailing address in Hackensack, New Jersey, petitioned the Court to redetermine respondent's determination.

OPINION

I.  Accuracy-Related Penalty

We decide first whether decedent's estate is liable for the accuracy-related penalty.  Respondent determined that the accuracy-related penalty was appropriate because decedent's estate had improperly claimed the $1,618,225 and $427,331.29 deductions on the basis of its position that decedent was deemed to have predeceased Ms. Lee.  We rejected that position in Estate of Lee v. Commissioner, T.C. Memo. 2007-371.

Pursuant to section 7491(c), respondent must produce sufficient evidence indicating that it is appropriate to impose the accuracy-related penalty against decedent's estate.  See also Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).  Neither party disputes (and we discern from the record) that respondent has met this burden of production.  Petitioner thus bears the burden of proving that the accuracy-related penalty does not apply because of reasonable cause, substantial authority, or the like.  See id.

Petitioner argues that decedent's estate is not liable for the accuracy-related penalty because the executor of the estate, Judge Frese, was reasonable and acted in good faith in relying on the advice of Ms. de Mare that decedent's estate could treat decedent as predeceasing Ms. Lee.  Under section 6664(c)(1), an accuracy-related penalty is not imposed upon any portion of an

underpayment as to which a taxpayer acted with reasonable cause and in good faith. Whether the taxpayer satisfies those tests is a factual determination, where the taxpayer's effort to assess the proper tax liability is a very important consideration. See sec. 1.6664-4(b)(1), Income Tax Regs. Reliance on the advice of a tax professional may constitute reasonable cause and good faith if, under all facts and circumstances, the reliance is reasonable and the taxpayer acted in good faith. See Neonatology Associates, P.A. v. Commissioner, 115 T.C. 43, 98 (2000), affd. 299 F.3d 221 (3d Cir. 2002); sec. 1.6664-4(c)(1), Income Tax Regs. This Court has stated that reasonable cause and good faith is present where the record establishes by a preponderance of evidence that: (1) The taxpayer reasonably believes that the professional upon whom the reliance is placed is a competent tax adviser who has sufficient expertise to justify reliance; (2) the taxpayer provides necessary and accurate information to the adviser; and (3) the taxpayer actually relies in good faith on the adviser's judgment. See Neonatology Associates, P.A. v. Commissioner, supra at 99.

We conclude that petitioner has met the reasonable cause exception to the accuracy-related penalty because, we find, Judge Frese relied reasonably and in good faith on the advice of Ms. de Mare as to the legitimacy of the deductions. Judge Frese performed an adequate due diligence review of the qualifications

of Ms. de Mare before he retained her to prepare the estate tax return of decedent's estate.  He reasonably concluded from his review that Ms. de Mare was a competent estate tax attorney upon whom he could rely in this area of tax law in which he had no special knowledge.  He gave her all of the documents and information that she requested to prepare the return.  He reviewed the return in detail with her before filing it.  He questioned her specifically on the legitimacy of the deductions. We do not believe that Judge Frese in the setting at hand was under any further obligation to second-guess or independently research whether Ms. de Mare's advice was correct.[3]  We hold that decedent's estate is not liable for the accuracy-related penalty.

## II.  Addition to Tax

We now decide whether decedent's estate is liable for the addition to tax for late filing.  Section 6651(a)(1) imposes an addition to tax for failure to file a return by its due date unless the taxpayer can establish that such failure is due to reasonable cause and not due to willful neglect.  Because the

---

[3]Respondent asserts that Judge Frese did not reasonably believe Ms. de Mare to be a competent tax professional upon whom he could rely.  We disagree.  Judge Frese is an attorney and a longtime judge.  He reviewed Ms. de Mare's qualifications and concluded on the basis of his review that Ms. de Mare was an expert upon whom he could rely as to the propriety and operation of the deemed survivorship provisions included in the Lees' wills.  He also concluded that Ms. de Mare was an expert upon whom he could rely to prepare correctly the estate tax return of decedent's estate.

parties' agree that the estate tax return of decedent's estate was filed untimely, petitioner must prove that the untimely filing of the return was due to reasonable cause. See sec. 7491(c); Rule 142(a); Higbee v. Commissioner, supra at 446-447. The untimely filing would be due to reasonable cause if Judge Frese, the executor of the estate, exercised ordinary business care and prudence but nevertheless was unable to file the return timely. See sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Willful neglect denote a "conscious, intentional failure or reckless indifference". United States v. Boyle, 469 U.S. 241, 245 (1985).

Petitioner concedes that decedent's estate was not entitled to receive a second 6-month extension to file its estate tax return and that Ms. de Mare's advice to the contrary was erroneous. Petitioner argues that Judge Frese filed the estate tax return late because he relied reasonably on the advice of Ms. de Mare that decedent's estate had received a second 6-month extension of time to file its return. Petitioner points the Court to various cases where this Court has held that a taxpayer's reliance on the erroneous advice of an attorney as to the due date of a return may constitute reasonable cause if the reliance was reasonable. See, e.g., Estate of La Meres v. Commissioner, 98 T.C. 294, 321-324 (1992), where the Court held that reasonable reliance on erroneous advice that a second

extension for the filing of an estate tax return could be obtained beyond a 6-month extension already received was reasonable cause for failing to file the return timely.

We conclude that decedent's estate is not liable for the addition to tax because, we find, Judge Frese relied reasonably upon Ms. de Mare's advice that a second 6-month extension could be and was received. Although that advice proved to be erroneous, the facts at hand persuade us that Judge Frese acted diligently as to fulfilling his obligation to file the estate tax return timely and that the late filing of the return was attributable to his receipt of the erroneous advice from Ms. de Mare. We hold that decedent's estate is not liable for an addition to tax for untimely filing.

III. Conclusion

We have considered all arguments respondent has made for contrary holdings and, to the extent not discussed, we have rejected those arguments as without merit.

Decision will be entered

under Rule 155.