T.C. Memo. 2009-303

UNITED STATES TAX COURT

ESTATE OF KWANG LEE, DECEASED,
ANTHONY J. FRESE, EXECUTOR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 14511-06.　　　　　Filed December 23, 2009.

<u>Frank Agostino</u>, <u>Michael P. Mattaliano</u>, and <u>Soh-Yung Erica
Son</u>, for petitioner.

<u>Lisa M. Rodriquez</u>, for respondent.

MEMORANDUM OPINION

LARO, <u>Judge</u>:　This case is currently before the Court on
petitioner's motion for leave to amend the petition to allege the
affirmative defense of equitable recoupment.　In <u>Estate of Lee v.
Commissioner</u>, T.C. Memo. 2007-371 (Estate of Lee I), we held that

the Estate of Kwang Lee (decedent's estate) was not entitled to claim a marital deduction under section 2056 because Kwang Lee (decedent) died after his wife, Kyoung Lee (Ms. Lee).[1]  The estates of decedent and Ms. Lee filed their respective Federal estate tax returns as if decedent had predeceased Ms. Lee.  Consistent therewith, Ms. Lee's estate reported that most of decedent's wealth passed to her as decedent's surviving spouse and was taxable to her estate.  Petitioner argues in support of the subject motion that our holding in Estate of Lee I means that (1) Ms. Lee's estate should not have included any of decedent's wealth; (2) inclusion of decedent's wealth in Ms. Lee's estate resulted in a $356,336.33 overpayment of her estate's Federal estate tax; and (3) decedent's estate may equitably recoup Ms. Lee's estate's claimed $356,336.33 overpayment as a reduction of any deficiency determined in this case.

We decide whether petitioner may amend the petition to allege the affirmative defense of equitable recoupment.  We hold that petitioner may not.

## Background

### I.  Decedent and Ms. Lee

Decedent died testate on September 30, 2001, leaving a last will and testament dated June 21, 2001.  Ms. Lee died testate on

---

[1]Unless otherwise indicated, section references are to the applicable versions of the Internal Revenue Code, and Rule references are to the Tax Court Rules of Practice and Procedure.

August 15, 2001, leaving a last will and testament dated June 21, 2001. The wills of decedent and Ms. Lee were drafted by Barbara L. de Mare (Ms. de Mare), counsel for the Lees and later for their estates, and were intended to include a deemed survivorship provision under which Ms. Lee would be deemed to survive decedent if she died shortly before him. The wills were administered as if decedent predeceased Ms. Lee, when in fact he had not, and as if much of decedent's wealth had passed to Ms. Lee as his surviving spouse.

The Federal estate tax returns of decedent's estate and Ms. Lee's estate were similarly filed with respondent as if decedent had predeceased Ms. Lee and as if much of his wealth had passed to her. Anthony J. Frese (Judge Frese), as executor of decedent's estate, claimed a marital deduction for decedent's estate for the value of the property that was deemed under the wills to have passed to Ms. Lee as the surviving spouse. Judge Frese, as executor of Ms. Lee's estate, paid to respondent $348,998.29 in Federal estate tax on behalf of Ms. Lee's estate, which consisted in part of the property that was treated as passing to her from decedent.[2]

---

[2]Judge Frese, as executor of Ms. Lee's estate, also paid respondent $7,338.04 in interest for the late payment of estate tax, resulting in a total payment of $356,336.33.

II.  Audit of the Estates and Ms. Lee's Protective Claim

Respondent audited both estate tax returns.  Respondent disallowed the marital deduction claimed by decedent's estate and advised Ms. Lee's estate to file a corresponding protective claim for refund on behalf of Ms. Lee's estate.  At the direction of respondent's auditor, Ms. de Mare delivered a letter to the auditor on July 22, 2005, asserting an informal claim for refund on behalf of Ms. Lee's estate, attributable to the property that was treated as passing to Ms. Lee under the deemed survivorship provision.

III.  Notice of Deficiency, Petition, and Procedural History

On April 26, 2006, respondent issued decedent's estate a notice of deficiency (notice) disallowing its marital deduction because decedent was not actually survived by Ms. Lee. Petitioner petitioned the Court on July 27, 2006, in contest of the notice.  Respondent answered the petition on September 19, 2006.

On May 9, 2007, the Court ordered each party to file a memorandum setting forth (i) the issues of fact and law to be resolved by the Court; and (ii) a statement of the party's legal position and theory.  The order stated that neither party would be allowed to advance a position or theory in the case unless it was mentioned in the memorandum.  On August 20, 2007, petitioner

filed petitioner's memorandum without any mention of equitable recoupment.

On June 4, 2007, respondent moved the Court for partial summary judgment on the issue of whether decedent's estate may benefit from the marital deduction notwithstanding that decedent died after Ms. Lee. In Estate of Lee I, we held that decedent's intent that he be treated as if he predeceased Ms. Lee was insufficient to qualify his estate for the marital deduction under section 2056 because Ms. Lee actually had to survive decedent to qualify as a "surviving spouse" for purposes of that section. Accordingly, the marital deduction sought by decedent's estate was denied.

On July 31, 2008, the parties filed a "Stipulation of Settled Issues" stating that in accordance with our decision in Estate of Lee I, the marital deduction claimed by decedent's estate was disallowed in full. The parties also agreed that issues remaining for decision were whether decedent's estate was liable for the addition to tax and the accuracy-related penalty determined by respondent.

The Court held a trial of the remaining issues on December 18, 2008, and closed the evidentiary record at the end of the trial. On April 27, 2009, the Court held in Estate of Lee v. Commissioner, T.C. Memo. 2009-84 (Estate of Lee II), that neither the addition to tax nor the accuracy-related penalty was

applicable to this case. The Court directed at the end of that opinion that a decision be entered under Rule 155.

## IV. Subsequent Claim for Refund

On May 21, 2009, Ms. Lee's estate filed with respondent a second claim for refund referencing the Court's holding in Estate of Lee I. Respondent denied that claim on June 24, 2009. Respondent has yet to determine whether Ms. Lee's estate is entitled to a refund with respect to its first claim for refund (i.e., the July 22, 2005, letter that Ms. de Mare delivered to respondent's auditor).

## V. Developments Following Estate of Lee II

The parties have been unable to agree on a computation for entry of decision under Rule 155. On August 25, 2009, petitioner moved the Court for leave to file an amendment to petition. Petitioner desires to amend the petition to allege equitable recoupment as an affirmative defense. Petitioner states that Ms. Lee's estate overpaid its Federal estate tax as a result of our ruling in Estate of Lee I and that decedent's estate is allowed to recoup this $356,336.33 overpayment as an offset to its estate tax deficiency.

## Discussion

## I. Overview

Petitioner moves the Court for leave to amend the petition to allege the affirmative defense of equitable recoupment.

Section 6214(b) provides that this Court may apply equitable recoupment as a defense to the same extent it is available in civil tax cases before the U.S. District Courts and the U.S. Court of Federal Claims. The Court of Appeals for the Third Circuit, to which this case is appealable absent a stipulation to the contrary, recognizes equitable recoupment as a potential affirmative defense in civil matters. See, e.g., <u>Boyle v. United States</u>, 355 F.2d 233 (3d Cir. 1965). Accordingly, petitioner may benefit from the applicability of equitable recoupment to the extent that the issue is properly before this Court and the law on the subject favors petitioner.

## II. Amendment of Pleadings

### A. Overview

Rule 41(a) gives a petitioning taxpayer the right to amend the petition once before an answer is served. Afterwards, a petition may be amended only by leave of the Court or with the written consent of the Commissioner. <u>Id.</u> Respondent served the answer in this case on September 19, 2006, and objects to petitioner's motion for leave to amend the petition. Therefore, petitioner requires leave of the Court to amend the petition.

Rule 41(a) states that leave to amend a pleading shall be freely given when justice requires. Whether justice requires such an amendment is determined by examining the facts and circumstances surrounding the request in the light of sound

reason and fairness.  See <u>Law v. Commissioner</u>, 84 T.C. 985, 990 (1985).  A court may consider various factors in determining whether to allow an amendment to a pleading out of time.  These factors include (1) the timeliness of the motion for leave to amend, (2) the reasons for the delay, and (3) whether the moving party had sufficient prior opportunity to allege the matter contained in the requested amendment.  See <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>Daves v. Payless Cashways, Inc.</u>, 661 F.2d 1022, 1024 (5th Cir. 1981); see also <u>Derksen v. Commissioner</u>, 84 T.C. 355, 358 n.7 (1985); <u>Lacher v. Commissioner</u>, T.C. Memo. 2000-260, affd. 32 Fed. Appx. 600 (2d Cir. 2002).  Notwithstanding these factors, a court should deny a party's request to amend a pleading where the party cannot prevail on the merits of the requested amendment.  See <u>Klamath-Lake Pharm. Association v. Klamath Med. Serv. Bureau</u>, 701 F.2d 1276, 1293 (9th Cir. 1983); <u>Block v. Commissioner</u>, 120 T.C. 62, 64 (2003); <u>Russo v. Commissioner</u>, 98 T.C. 28, 31 (1992).

We turn to decide petitioner's request for leave to amend the petition with these principles in mind.

B.  <u>Factors</u>

1.  <u>Timeliness of Amendment</u>

A court should generally consider, when weighing a request to amend a pleading, whether an excuse for the delay exists and whether the opposing party would suffer unfair surprise,

disadvantage, or prejudice.  See Estate of Quick v. Commissioner, 110 T.C. 172, 178 (1998).  The Court applies a heightened skepticism to an untimely request for an amendment that, if granted, would prejudice the other party.  See, e.g., Farr v. Commissioner, 11 T.C. 552, 556-557 (1948), affd. sub nom. Sloane v. Commissioner, 188 F.2d 254 (6th Cir. 1951).

Petitioner aims to assert a new legal defense to the notice of deficiency 3 years after petitioner petitioned the Court and 2 years after the Court decided Estate of Lee I, the event purportedly giving rise to the claim.  Petitioner has had ample time to assert a claim of equitable recoupment, and respondent asserts, and we agree, that he would be unfairly prejudiced were we to allow petitioner to prosecute the claim of an estate tax overpayment attributable to Ms. Lee's estate.  To that end, petitioner acknowledges that the record would need to be reopened for further trial were the issue to be decided by the Court at this time.  See, e.g., Law v. Commissioner, supra at 990-991 (denying the Commissioner's motion for leave to amend the answer where a further trial would be necessary to decide the substance of the requested amendment); Manzoli v. Commissioner, T.C. Memo. 1989-94 (denying as inexcusably late and prejudicial a motion for leave to amend the petition where the motion was made incident to the parties' submission of their Rule 155 computations), affd. 904 F.2d 101 (1st Cir. 1990).  In addition, Ms. Lee's estate is

not a party before this Court, and respondent's counsel represents that respondent does not have access to the administrative file of Ms. Lee's estate. Thus, whether Ms. Lee's estate is entitled to the proffered overpayment is not readily ascertainable. We note further that our May 9, 2007, order instructed each party to file a memorandum that was intended to advise the parties and the Court at the early stages of this proceeding as to each party's legal positions and thus to eliminate any undue surprise, disadvantage, or prejudice. Contrary to the purpose of that order, petitioner seeks to raise a new matter late in the proceeding.

### 2. Reasons for Delay and Prior Opportunity To Assert Equitable Recoupment

In certain cases the Court may allow a party to raise a new matter despite prejudice to the other party upon a showing of good cause for the delay (e.g., the lack of opportunity to raise the matter earlier). See, e.g., Waterman v. Commissioner, 91 T.C. 344, 348-349 (1988). We are not persuaded that this is one of those cases. Petitioner rests the claim for equitable recoupment on this Court's opinion in Estate of Lee I, which was filed on December 20, 2007. The trial of this case occurred on December 18, 2008, at which time the Court closed the evidentiary record. Following Estate of Lee I and leading up to the trial of this case, both parties submitted multiple filings with the Court, including status reports, issues memoranda, a stipulation

of settled issues, and other pretrial memoranda.  Petitioner did not raise the application of equitable recoupment in any of these filings.  On April 27, 2009, the parties were ordered to file computations under Rule 155 pursuant to the Court's findings and conclusions.  Only afterwards was equitable recoupment asserted.[3]

Petitioner asserts that the request for leave to amend the petition is being made at this late stage of the proceeding because respondent only denied the May 21, 2009, claim for refund after the evidentiary record closed.  We are unpersuaded that this assertion establishes good cause for the late request.  The second claim for refund was not made until more than 1 year after the Court decided Estate of Lee I.  In addition, petitioner concedes that the first claim is still open and may be properly considered by a refund forum.

C.   Ability To Prevail on the Merits

1.   Overview of Equitable Recoupment

Equitable recoupment has been a permissible affirmative defense in Federal tax matters since the Supreme Court's decision

---

[3]Petitioner's motion also tests the limits of Rule 155(c), which generally frowns upon the introduction of new issues at the Rule 155 stage of a proceeding.  Cf. Menard, Inc. v. Commissioner, 130 T.C. 54, 57 n.3 (2008) (permitting the taxpayer to assert equitable recoupment at the Rule 155 stage of a proceeding because the issue was raised at an earlier stage of the proceeding and thus did not constitute a new issue within the meaning of Rule 155(c)).  Unlike the taxpayer in Menard, petitioner did not previously assert equitable recoupment as an affirmative defense and accordingly, the argument constitutes a new issue under Rule 155(c).

in <u>Bull v. United States</u>, 295 U.S. 247 (1935). Equitable recoupment allows the bar of an expired statutory limitation period to be overcome in limited circumstances to prevent inequitable windfalls to a party that would otherwise result from inconsistent tax treatment of the same transaction, item, or event affecting the taxpayer or a sufficiently related taxpayer. See <u>United States v. Dalm</u>, 494 U.S. 596, 605-606 n.5 (1990); <u>Rothensies v. Elec. Storage Battery Co.</u>, 329 U.S. 296 (1946); <u>Stone v. White</u>, 301 U.S. 532 (1937). Equitable recoupment operates out of fairness to reduce a taxpayer's claim for refund or the Government's claim of deficiency. <u>Estate of Mueller v. Commissioner</u>, 101 T.C. 551, 552 (1993).

In <u>Estate of Mueller v. Commissioner</u>, <u>supra</u> at 556, this Court ruled that the party claiming the benefit of equitable recoupment bears the burden of establishing its applicability. That burden requires that the moving party prove the following: (1) The overpayment or deficiency for which recoupment is sought is barred by an expired period of limitation; (2) the time-barred overpayment or deficiency arose out of the same transaction, item, or taxable event as the overpayment or deficiency before the Court; (3) the transaction, item, or taxable event has been inconsistently subjected to two taxes; and (4) if the transaction, item, or taxable event involves two or more taxpayers, there is sufficient identity of interest between the

taxpayers that they should be treated as one.[4]  See <u>Menard, Inc. v. Commissioner</u>, 130 T.C. 54, 62-63 (2008); <u>Estate of Branson v. Commissioner</u>, 113 T.C. 6, 15 (1999).  The test set forth in <u>Estate of Mueller</u> is conjunctive, and therefore the failure to satisfy any one of the four elements precludes relief under the doctrine.

>    2. <u>Whether Petitioner's Proffered Refund Due Ms. Lee's Estate Is Time Barred</u>

A taxpayer must file a claim for refund with the Commissioner before the taxpayer may file a suit for refund. Sec. 7422(a).  A taxpayer may not initiate a refund suit until the earlier of (1) 6 months after the filing of the claim; or (2) the date on which the Commissioner renders a decision on the claim.  Sec. 6532(a)(1).

Ms. Lee's estate filed a claim for refund on May 21, 2009, which the Commissioner denied on June 24, 2009.  Ms. Lee's estate also filed an earlier claim for refund on July 22, 2005, which the Commissioner has yet to decide.  Petitioner concedes that the period of limitations remains open on the earlier claim but invites the Court to decide the propriety of that claim in this case as part of an equitable recoupment issue.  We decline to do

---

[4]In certain cases, a sufficient identity of interest may exist between the estate of an individual and the estate of his or her spouse.  See, e.g., <u>Estate of Vitt v. United States</u>, 706 F.2d 871 (8th Cir. 1983); <u>Estate of Buder v. United States</u>, 372 F. Supp. 2d. 1145, 1158-1159 (E.D. Mo. 2005), affd. 436 F.3d 936 (8th Cir. 2006).

so.  Petitioner's concession, coupled with respondent's acknowledgment that the earlier claim for refund has not yet been determined, leaves unsatisfied one of the prerequisites to the doctrine of equitable recoupment.

III.  <u>Conclusion</u>

We will deny petitioner's motion for leave to amend the petition because justice does not require that we grant it.  We have considered all of the arguments made by the parties, and, to the extent that we have not specifically addressed them, we conclude that they are without merit.

Accordingly,

<u>An appropriate order will be</u>

<u>issued</u>.