T.C. Summary Opinion 2016-57

UNITED STATES TAX COURT

MARIO JOSEPH COLLODI, JR. AND ELIZABETH LOUISE COLLODI,
Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17131-14S.                    Filed September 19, 2016.

Mario Joseph Collodi, Jr., and Elizabeth Louise Collodi, pro sese.

John Chinnapongse and Paul W. Isherwood, for respondent.

SUMMARY OPINION

VASQUEZ, Judge:  This case was heard pursuant to the provisions of

section 7463 of the Internal Revenue Code in effect when the petition was filed.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any

other court, and this opinion shall not be treated as precedent for any other case.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $6,147 deficiency in petitioners' 2011 Federal income tax and an accuracy-related penalty under section 6662(a) of $1,229.40. The issues for decision are whether petitioners are: (1) entitled to unreimbursed employee business expense deductions for 2011 and (2) liable for a section 6662(a) accuracy-related penalty.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in Paradise, California, at the time they filed their petition.

In 2011 Mr. Collodi was employed as a motor hand by Ensign United States Drilling California (Ensign). That year Mr. Collodi worked "well-to-well" at various worksites in Southern California. For the first three or four months of 2011 his worksite was a gas well in Santa Clarita, Los Angeles County. Mr. Collodi's next worksite was a gas well in Fillmore, Ventura County, where he worked for the next two to three months. For the remainder of 2011 Mr. Collodi's worksite was a gas well in Santa Paula, Ventura County, approximately two miles

away from the Fillmore worksite. He also spent three to five workdays at Ensign's office in Bakersfield, California.[1] Mr. Collodi continued working for Ensign in Southern California until October 2012.

Throughout 2011 Mr. Collodi had a schedule of one week of 12- to 16-hour workdays followed by one week of time off. During his off weeks Mr. Collodi resided in petitioners' Paradise, California, home in Northern California. Ms. Collodi and petitioners' children resided year round in Paradise, California, because Ms. Collodi was employed there and the children went to school there. Mr. Collodi had no business ties to Paradise, California, where he had neither worked nor sought employment.

While working in Southern California, Mr. Collodi stayed at the Holiday Inn Express and Suites in Valencia, California. Ensign paid Mr. Collodi's hotel expenses. Mr. Collodi traveled from the hotel to the worksites daily, returning to the hotel after his shifts. The hotel was approximately 15 miles from the Santa Clarita worksite and approximately 40 miles from the Fillmore and Santa Paula worksites.

---

[1] In addition to the office in Bakersfield, Ensign has a satellite office in Woodland, California.

Petitioners engaged Barbara Kirby-Rosamond to prepare their 2011 Form 1040, U.S. Individual Income Tax Return. Mr. Collodi kept track of his miles and overnight travel by making notations on a calendar, which he would then summarize for Ms. Kirby-Rosamond. Ms. Kirby-Rosamond told Mr. Collodi that his overnight travel and mileage expense deductions were allowable and prepared petitioners' tax return using Mr. Collodi's summary, which she returned to petitioners after she was finished.

On their 2011 Form 1040 petitioners claimed $46,390 in itemized deductions, $31,906 of which was for miscellaneous itemized deductions after the 2% AGI limitation. Petitioners deducted expenses for: (1) mileage for trips from Southern California to Woodland, California,[2] and back; (2) mileage for daily round trips between Mr. Collodi's hotel in Valencia, California, and his worksites; and (3) meals and incidentals for every day Mr. Collodi was in Southern California. Petitioners' 2011 Form 2106, Employee Business Expenses, shows a total of $15,856 in mileage expenses and $13,561 in overnight travel expenses; petitioners also claimed deductions of $1,646 for tools, $2,826 for other business expenses, and $225 for tax return preparation fees.

_____

[2] Mr. Collodi's trips to Woodland, California, were made for the purpose of going from his place of work in Southern California to his personal residence in Paradise, California.

After petitioners' 2011 Form 1040 was selected for examination, the examining agent requested documents substantiating the expenses underlying petitioners' itemized deductions. While Mr. Collodi purports to have provided the examining agent a summary of his expenses (derived from his calendar), respondent's records reflect that no such documents were received. Petitioners were unable to find and produce at trial the calendar or summary of Mr. Collodi's overnight travel and mileage expenses.

## Discussion

### I. Burden of Proof

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that the determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The burden of proof shifts to the Commissioner, however, if the taxpayer produces credible evidence to support the deduction or position, the taxpayer complied with the substantiation requirements, and the taxpayer cooperated with the Secretary[3] with regard to all reasonable requests for

---

[3] The term "Secretary" means "the Secretary of the Treasury or his delegate", sec. 7701(a)(11)(B), and the term "or his delegate" means "any officer, employee, or agency of the Treasury Department duly authorized by the Secretary of the Treasury directly, or indirectly by one or more redelegations of authority, to

(continued...)

information.  Sec. 7491(a); see also Higbee v. Commissioner, 116 T.C. 438, 440-441 (2001).

Petitioners do not contend that section 7491(a)(1) should shift the burden here, and the record establishes that they did not satisfy the section 7491(a)(2) requirements.  Consequently, petitioners bear the burden of proof as to any disputed factual issue.  See Rule 142(a).

II.     Section 162 Expenses

First we determine whether petitioners are entitled to deductions for Mr. Collodi's unreimbursed employee business expenses for overnight travel and vehicle usage.[4]  Petitioners argue that they are entitled to the deductions because the uncertainty of Mr. Collodi's job location made it unreasonable to expect them to sell their home and move to Southern California.  Respondent argues that petitioners' overnight travel and vehicle expense deductions are not allowable because Mr. Collodi was not "away from home" under section 162(a)(2) and they

_____

[3](...continued)
perform the function mentioned or described in the context", sec. 7701(a)(12)(A)(i).

[4]  Respondent also disallowed deductions of $1,646 for tools, $2,826 for other business expenses, and $225 for tax return preparation fees.  Petitioners did not challenge these disallowances in their petition or at trial.  Since we consider the issues waived, we sustain respondent's determination as to these deductions. See Rule 34(b).

failed to substantiate their expenses.  For the reasons set forth below, we hold for respondent.

Deductions are a matter of "legislative grace", and "a taxpayer seeking a deduction must be able to point to an applicable statute and show that he comes within its terms." New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); see also Rule 142(a).  Section 262 generally disallows deductions for personal, living, or family expenses.  However, section 162(a) permits a taxpayer to deduct ordinary and necessary traveling expenses (including meals and lodging) incurred during the taxable year in carrying on any trade or business if:  (1) the expense is incurred "while away from home" and (2) the expense is incurred in the pursuit of a trade or business.  See Commissioner v. Flowers, 326 U.S. 465, 470 (1946).

In order to determine whether an expense is incurred away from home, it is necessary to determine the location of the taxpayer's home.  Coombs v. Commissioner, 608 F.2d 1269, 1274 (9th Cir. 1979), aff'g in part, rev'g in part 67 T.C. 426 (1976).  In the context of section 162(a)(2), a taxpayer's home generally refers to the area of a taxpayer's principal place of employment, whether or not in the vicinity of the taxpayer's personal residence.  Daly v. Commissioner, 72 T.C. 190, 195 (1979), aff'd, 662 F.2d 253 (4th Cir. 1981); Kroll v. Commissioner, 49 T.C. 557, 561-562 (1968).  Accordingly, when a taxpayer's principal place of

employment changes but the taxpayer does not change the location of his permanent personal residence, the taxpayer's home for purposes of section 162 generally changes to the taxpayer's new principal place of business.

An exception to the general rule in defining a taxpayer's home may exist where the taxpayer has accepted "temporary" employment away from his permanent personal residence. Peurifoy v. Commissioner, 358 U.S. 59, 60 (1958). In that event the taxpayer's tax home may remain in the area of his permanent personal residence so that he is "away from home" while stationed at the temporary jobsite. If such employment is found to be "indefinite" or "indeterminate" rather than temporary, the general rule will classify a taxpayer's tax home as the taxpayer's principal place of employment. Kroll v. Commissioner, 49 T.C. at 562. Whether employment is temporary, indefinite, or indeterminate is a question of fact. Peurifoy v. Commissioner, 358 U.S. at 61. However, section 162(a) provides that a taxpayer shall not be treated as being temporarily away from home during any period of employment if the period exceeds one year.

"[I]n [the] pursuit of [a trade or] business" has been read to mean: "The exigencies of business rather than the personal conveniences and necessities of the traveler must be the motivating factors." Commissioner v. Flowers, 326 U.S. at

474. The term "trade or business" as used in section 162(a) includes the trade or business of being an employee. Primuth v. Commissioner, 54 T.C. 374, 377-378 (1970); Christenson v. Commissioner, 17 T.C. 1456, 1457 (1952).

In determining whether Mr. Collodi's overnight travel and mileage expenses are deductible, we look to the wording of section 162(a), which provides that a taxpayer shall not be treated as being temporarily away from home during any period of employment if the period exceeds one year. Mr. Collodi's employment in Southern California began sometime in 2010, continued through 2011, and ended in October 2012.[5] Because Mr. Collodi was not temporarily away from home when he was working in Southern California, his tax home for the tax year in issue was Southern California. See Kroll v. Commissioner, 49 T.C. at 562. Accordingly, Mr. Collodi was not away from home when he paid expenses for meals, incidentals, and automobile trips between his hotel and worksites, and petitioners may not deduct these expenses as section 162(a)(2) traveling expenses. Furthermore, Mr. Collodi's mileage expense for his back and forth trips from Southern California to his personal home in Paradise, California, are

---

[5] Although Mr. Collodi worked on successive projects at different worksites during this period, he lived in the same hotel and worked in the same position for the same employer. Additionally, all of Mr. Collodi's worksites during this period were within 45 miles of the hotel.

nondeductible personal expenses since they were motivated not by business exigencies but personal ones. See Commissioner v. Flowers, 326 U.S. at 474. Accordingly, respondent's disallowance of petitioners' deductions for overnight travel and mileage expenses is sustained.

III.     Accuracy-Related Penalty

We next determine whether petitioners are liable for an accuracy-related penalty under section 6662(a).[6] Petitioners generally argue that they should not be subject to the penalty because their return preparer told Mr. Collodi that they were eligible for the deductions. Respondent argues that he met his burden of production with respect to the penalty and that petitioners have not established that they acted with reasonable cause in relying on their return preparer. For the below reasons, we hold that petitioners acted with reasonable cause with respect to the portion of their underpayment attributable to their disallowed overnight travel and mileage expense deductions.

Section 6662(a) and (b)(2) provides that taxpayers will be liable for a penalty equal to 20% of the portion of an underpayment of tax attributable to a substantial understatement of income tax. Section 6662(d)(1)(A) provides that an

---

[6] While petitioners did not address their liability for the accuracy-related penalty in their petition, we find that it was tried by consent. See Rule 41(b).

understatement of income tax is substantial if the amount of the understatement exceeds the greater of (1) 10% of the tax required to be shown on the return or (2) $5,000. The Commissioner bears the initial burden of production. Sec. 7491(c). If the Commissioner satisfies his burden, the taxpayer then bears the ultimate burden of persuasion. Higbee v. Commissioner, 116 T.C. at 446-447.

The accuracy-related penalty is not imposed with respect to any portion of the underpayment as to which the taxpayer shows that he or she acted with reasonable cause and good faith. Sec. 6664(c)(1); Higbee v. Commissioner, 116 T.C. at 448. Generally, the most important factor is the extent of the taxpayer's effort to assess his or her proper tax liability. Humphrey, Farrington & McClain, P.C. v. Commissioner, T.C. Memo. 2013-23; sec. 1.6664-4(b)(1), Income Tax Regs. Reliance upon the advice of a tax professional may establish reasonable cause and good faith for the purpose of avoiding liability for the section 6662(a) penalty. See United States v. Boyle, 469 U.S. 241, 250 (1985). Whether reasonable cause exists when a taxpayer has relied on a tax professional to prepare a return must be determined on the basis of all the facts and circumstances. See Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 98 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002).

This Court has stated that reasonable cause and good faith are present where the record establishes by a preponderance of the evidence that: (1) the taxpayer reasonably believes that the professional upon whom the reliance is placed is a competent tax adviser who has sufficient expertise to justify reliance; (2) the taxpayer provides necessary and accurate information to the adviser; and (3) the taxpayer actually relies in good faith on the adviser's judgment. Estate of Lee v. Commissioner, T.C. Memo. 2009-84 (citing Neonatology Assocs., P.A. v. Commissioner, 115 T.C. at 99).

We have sustained respondent's determination of a deficiency of $6,147, which exceeds $5,000, which is greater than 10% of the corrected tax liability of $11,906. Accordingly, respondent has met his burden of production, and petitioners now bear the burden of persuasion. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. at 446-447.

It is clear from the record that petitioners have no background in taxation. Mr. Collodi is a self-described "blue-collar" worker with experience in the lumber, trucking, and energy fields. Ms. Collodi's employment involves ensuring that various contractors are properly bonded. Petitioners therefore acted prudently in securing the services of Ms. Kirby-Rosamond, their return preparer. Given the professional quality and completeness of petitioners' tax return and the fact that

she had been preparing petitioners' tax returns for over a decade by the time she prepared the tax return at issue, we are satisfied that petitioners' reliance on Ms. Kirby-Rosamond was justified. Furthermore, petitioners established that they provided Ms. Kirby-Rosamond with necessary and accurate information. Mr. Collodi credibly testified that: (1) he maintained a contemporaneous calendar documenting his overnight travel and mileage, (2) he brought these documents to his meeting with Ms. Kirby-Rosamond, and (3) she used the summary to prepare petitioners' tax return. Finally, Mr. Collodi's testimony establishes that petitioners' relied on their return preparer in good faith, as respondent appears to concede on brief.

In sum, the record as a whole establishes that petitioners made a good faith effort to assess their proper tax liability and reasonably relied on the advice of their tax return preparer. We therefore hold that petitioners are not liable for the accuracy-related penalty with respect to the underpayments attributable to petitioners' disallowed deductions for overnight travel and mileage expenses. Accordingly, petitioners are liable for the 20% penalty under section 6662(a) only with respect to the underpayments attributable to petitioners' disallowed deductions of $1,646 for tools, $2,826 for other business expenses, and $225 for

tax return preparation fees. We leave this calculation to the parties under Rule 155.

In reaching our conclusions, we have considered all arguments made by the parties and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.